IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EXXONMOBIL CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:25-cv-00011 |
| ROBERT ANDRES BONTA, A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY; SIERRA CLUB, INC.; SURFRIDER FOUNDATION, INC.; HEAL THE BAY, INC.; BAYKEEPER, INC.; AND INTERGENERATIONAL ENVIRONMENT JUSTICE FUND LTD., | § § § § § § § § § § | |
| Defendants, | § | |

**DECLARATION OF MICHELLE KREMER
IN SUPPORT OF SURFRIDER'S MOTION TO DISMISS AND
<u>JOINT MOTION TO TRANSFER</u>**

I, **Michelle Kremer**, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am familiar with the facts herein and make this declaration based on my personal knowledge.

2. I am, and at all relevant times was, a resident of California. I am over the age of 18 and competent to make this declaration.

3. I have been an employee at the Surfrider Foundation ("Surfrider") for over thirty years. I first joined Surfrider as a volunteer in 1993. I became a paid employee in August 1994 and have been promoted several times over the years. Since 2006, I have served as Surfrider's Chief Operating Officer, where I direct Surfrider's daily operations.

**The Surfrider Foundation**

4. Surfrider is a California 501(c)(3) nonprofit organization that is headquartered in San Clemente, California in the Central District of California. Surfrider has satellite chapter offices in San Diego, Los Angeles, Ventura and Santa Cruz, California, and in Isabella and Rincón, Puerto Rico but none in Texas.

5. Surfrider's mission is the protection and enjoyment of the world's oceans, waves, and beaches for all people. Surfrider works to reduce the impact of plastics in marine environments; defend the ocean from challenges that threaten the vitality of its ecosystems; ensure full and fair beach access for all to enjoy; address issues that threaten beaches and natural shorelines; and protect the health and sustainability of our planet's most precious resource, clean water.

6. Surfrider deploys its resources to combat injuries caused by the continued proliferation of single-use plastics, including legislative efforts at the state and local levels within California to reduce plastic pollution, organizing volunteer beach cleanups to remove plastic pollution from the shorelines, public education about plastic pollution, and outreach with hotels and restaurants to reduce the use of single-use plastics.

7. Surfrider maintains a national network of chapter volunteers. Chapter volunteers carry out Surfrider's mission through campaigns, programs, and educational initiatives in their local communities. At any given moment, Surfrider is working on more than 100 campaigns across the country.

8. Surfrider has a permanent staff of 81 people who help support our chapter networks in their campaigns; work on policy and legal issues related to coasts; bring awareness to issues facing the ocean; provide critical support in other areas including accounting, technology, and

human resources; and raise money to fund Surfrider's mission.

**Surfrider's Plastics Pollution Litigation in California and ExxonMobil's Suit in Texas**

9. Surfrider's headquarters is located in San Clemente, California.

10. Surfrider has no officers or employees in Texas, and had no employees, officers, or board members in Texas when this case was filed in January of 2025. One unpaid Texas resident joined Surfrider's board after the lawsuit was filed.

11. Surfrider does not own or lease any real or personal property of any type in Texas.

12. Surfrider has three chapters in Texas—Galveston, Texas Coastal Bend, and South Texas—out of 79 chapters nationwide. None of the chapters are in the Eastern District of Texas. These chapters are made up of and are run entirely by volunteers.

13. Surfrider has three student-run clubs at Texas schools: Texas A&M University-Corpus Christi, the University of Texas Rio Grande Valley, and Ball High School in Galveston. None are in the Eastern District of Texas. These student clubs are made up of and run entirely by volunteers.

14. These local chapters and clubs in Texas do not have any office space but rather are groups of local individuals who meet to perform limited projects, such as beach cleanups.

15. On September 23, 2024, Surfrider filed a lawsuit in California state court, along with three other California-based environmental groups, against ExxonMobil. Surfrider published a press release that day announcing the lawsuit on its website at https://www.surfrider.org/media/press-releases/exxon-press-release. The press release was drafted in California, with input from one Surfrider employee in Virginia Beach, Virginia.

16. Surfrider sent the press release to press contacts in the United States and internationally. The press release was sent to Surfrider's issue-specific media outreach lists; here, journalists covering plastic pollution, climate change, and environmental law.

17. Surfrider did not send the press release to any Texas-based news outlets.

18. Surfrider did not rely on any Texas sources, including journalists, media organizations, politicians, its own volunteers, or anyone else in creating the press release.

19. Neither the content of the press release—which discusses Surfrider's participation in the *Sierra Club* lawsuit against ExxonMobil—nor its distribution was targeted at Texas.

20. In addition to the press release, Surfrider participated in a press conference on September 23, 2024, in Burlingame, California, announcing the initiation of its lawsuit against ExxonMobil in California.

21. Jennifer Savage, the head of Surfrider's Plastic Pollution Initiative, attended the press conference and spoke on Surfrider's behalf. Surfrider employees Nina Atkind, Alex Tourje-Maldonado, Mandy Sackett, and former Surfrider employees Sarah Griffin and Laura Walsh attended but did not speak.

22. ExxonMobil's Complaint refers to unidentified "direct action against ExxonMobil's advanced recycling" in Paragraph 19. I have no idea what that is referring to, because Surfrider has neither directed nor participated in any such "direct action" in Texas or elsewhere.

23. ExxonMobil's Complaint also refers to the placing of "Air Tags" in plastic waste in Houston, Texas, in Paragraph 30. I have no idea what this is referring to. Surfrider has neither directed nor participated in any such activity in Texas.

Declaration of Michelle Kremer – Page 4

24. Litigating this lawsuit in the Eastern District of Texas is burdensome for Surfrider because Surfrider is a small nonprofit organization with limited financial resources.

25. Litigating this lawsuit in the Northern District of California would be far more convenient for Surfrider because its headquarters are located in the Central District of California and all of its employees, including myself, with any involvement in the California litigation and press release reside in California or Virginia.

26. Other current and former Surfrider officers and employees who were involved in the preparation and distribution of the press release would be inconvenienced by having to be involved in a lawsuit in Texas rather than the Northern District of California. Those individuals include:

   a. Trey Highton, who is based in Virginia Beach, Virginia.

   b. Chad Nelsen, who is based in Orange County, California.

   c. Jennifer Savage, who is based in Humboldt, California in the Northern District of California.

   d. Miho Ligare, who is based in Sacramento, California.

   e. Ty Smith, who is based in Orange County, California.

   f. Tina Segura, who is based in Los Angeles County, California.

   g. Elliot Wright, who is based in Los Angeles County, California.

27. Surfrider is already engaged in litigation against ExxonMobil in California. Litigating in California while defending an action in Texas puts a significant strain on Surfrider's financial and human resources.

Dated: April 25, 2025

*/s/ Michelle Kremer*

Michelle Kremer