## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **EXXON MOBIL CORPORATION** | § | |
| | § | |
| | § | |
| | § | |
| **V.** | § | **CASE NO. 1:25-cv-00011-MJT** |
| | § | |
| | § | |
| **ROBERT ANDRES BONTA A.K.A** | § | |
| **ROB BONTA, IN HIS INDIVIDUAL** | § | |
| **CAPACITY; SIERRA CLUB, INC.;** | § | |
| **SURFRIDER FOUNDATION, INC.;** | § | |
| **HEAL THE BAY, INC.; BAYKEEPER,** | § | |
| **INC.; AND INTERGERATIONAL** | § | |
| **ENVIRONMENT JUSTICE FUND LTD.** | § | |

## DEFENDANT HEAL THE BAY, INC.'S 12(b)(2), (3), AND (6) MOTION TO DISMISS

Defendant Heal the Bay, Inc. ("Heal the Bay") files its motion to dismiss Plaintiff ExxonMobil Corporation's ("ExxonMobil") claims under Rule 12(b)(2), (3), and (6).

### I.      STATEMENT OF ISSUES

1. Does ExxonMobil meet its burden of establishing that a Texas court has jurisdiction over a non-resident defendant that issued a press release written in California, regarding litigation in California about California waterways?

2. Is venue proper in the Eastern District of Texas based on a press release written in California, based on a lawsuit filed in California, that makes no mention of Plaintiff's operations in the Eastern District of Texas?

3. Has ExxonMobil plead sufficient facts against Heal the Bay that would make claims against it plausible when ExxonMobil only references one sentence by Heal the Bay that it takes out of context?

## II.    SUMMARY

2.1    Heal the Bay is a California non-profit with its principal office in California.[1] Heal the Bay's mission is to make the coastal waters and watersheds in Greater Los Angeles safe, healthy, and clean. ExxonMobil's case against Heal the Bay involves speech which occurred in California based on a lawsuit filed in the Northern District of California about plastic pollution of the beaches and ocean in Los Angeles County. Heal the Bay, and the other non-governmental organizations that are defendants in this case, filed a lawsuit in California against ExxonMobil to address plastic waste in California waters.[2]

2.2    In response, ExxonMobil brought this case in the Eastern District of Texas. ExxonMobil's claims against Heal the Bay arise from a press release Heal the Bay issued in conjunction with the filing of the California lawsuit which stated, "Instead of cleaning up the wreckage created by Big Plastic, we are moving aggressively to stop the harm at its source."[3]

2.3    Heal the Bay did not reference ExxonMobil's operations in Texas or advanced recycling. ExxonMobil has not alleged that Heal the Bay made any other statements to any other person, including existing or potential contracting parties or any permitting agency dealing with ExxonMobil. Heal the Bay published the press release on its website, but did not target or advertise the press release to Texas residents. Heal the Bay lacks a relationship with Texas to support hailing the nonprofit to Texas to defend itself in a lawsuit regarding a press release that was written in California, posted on its California based website, regarding California litigation. Heal the Bay has not purposefully directed its actions towards Texas or availed itself of the privilege of doing

---

[1] Ex. 1 – Aff. of Tracy Quinn, ¶ 3.
[2] *See* Cause No. 3:24-cv-07288-RS: *Sierra Club, Inc., Surfrider Foundation, Inc., Heal the Bay, Inc., and Baykeeper, Inc. v. ExxonMobil Corporation* in the United States District Court, Northern District of California.
[3] Ex. 1A – Heal the Bay, "Heal the Bay sues Big Plastic" (Sept. 23, 2024), https://healthebay.org/heal-the-bay-sues-big-plastic/ (last visited April 22, 2025).

Heal the Bay 12(b) Motions                                                                                      Page **2** of **23**

business here. Heal the Bay's statement does not address ExxonMobil's recycling operation in Texas in any way, and, thus does not give rise to specific jurisdiction.

2.4     Further, venue is not proper in the Eastern District of Texas because a substantial part of the events allegedly giving rise to ExxonMobil's causes of action occurred in California, not Texas.  Whether ExxonMobil allegedly may have experienced an injury or effect in Texas is not a factor in determining whether venue is proper in the Eastern District of Texas.

2.5     ExxonMobil failed to state a claim against Heal the Bay under Rule 12(b)(6) because its Complaint lacks plausible factual allegations against Heal the Bay and to support its causes of action.

### III.     INTRODUCTION AND FACTS

3.1     Heal the Bay is an environmental nonprofit that is a citizen of California. Heal the Bay's mission is to make the coastal waters and watersheds in Greater Los Angeles safe, healthy, and clean.[4] Heal the Bay joined Sierra Club, Baykeeper, and Surfrider in filing a lawsuit in California against ExxonMobil regarding single-use plastic and plastic in California waterways.[5]

3.2     In conjunction with the filing of the lawsuit, Heal the Bay issued a press release which Plaintiff cited in its Complaint.[6] The press release was written in California, by California residents, and published on Heal the Bay's website.[7]  The press release did not use sources in Texas and was not sent to Texas residents.[8] No funds were solicited from Texas residents from the press release nor were donations received from Texas residents from the press release.[9] ExxonMobil's only direct mention of Heal the Bay in its Complaint takes the following statement in the press

---

[4] Ex. 1 – Aff. of Tracy Quinn, ¶ 4.
[5] *See* Cause No. 3:24-cv-07288-RS: *Sierra Club, Inc., Surfrider Foundation, Inc., Heal the Bay, Inc., and Baykeeper, Inc. v. ExxonMobil Corporation* in the United States District Court, Northern District of California. (Dkt. 1-1, ¶ 1).
[6] Dkt 1 ¶ 93, n. 57
[7] Ex. 1 – Aff. of Tracy Quinn, ¶ 6, 9.
[8] *Id.* at ¶ 8-9.
[9] *Id.* at ¶ 10.

release out of context: as issued, the statement was "Instead of cleaning up the wreckage created by Big Plastic, we are moving aggressively to stop the harm at its source."[10] Exxon falsely claims that this statement is about stopping ExxonMobil in Texas. When in fact, it is about litigation in California.

## IV.    EVIDENCE

4.1     Heal the Bay relies upon the attached affidavit of Tracy Quinn (Ex. 1), incorporated by reference, including attached exhibits (Ex. 1A – Heal the Bay's press release). Heal the Bay also asks the Court to take judicial notice of its file under Federal Rule of Evidence 201.

## V.    ARGUMENTS

### A.  12(b)(2) – Eastern District Cannot Exercise Specific Jurisdiction over Heal the Bay.

5.1     Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal of an action for lack of personal jurisdiction. A federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies and (2) if due process is satisfied under the Fourteenth Amendment to the United States Constitution.[11] Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis.[12] In order to maintain a lawsuit against Heal the Bay in the Eastern District of Texas, Plaintiff must establish that Heal the Bay maintains adequate contacts with the forum state such that haling it into the State of Texas to defend itself would neither be "unreasonable" nor offend "traditional notions of fair play and substantial justice."[13]

---

[10] Ex. 1A – Heal the Bay, "Heal the Bay sues Big Plastic" (Sept. 23, 2024), https://healthebay.org/heal-the-bay-sues-big-plastic/ (last visited April 22, 2025).
[11] *NavSav Holdings, LLC v. Beber*, 724 F.Supp. 3d 615, 623 (E.D. Tex. 2024) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).
[12] *Id.*
[13] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 141 S.Ct. 1017, 2024, 209 L.Ed. 2d 225 (2021)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

5.2     Personal jurisdiction over a defendant can be established under two general theories – either general jurisdiction, which refers to the Court's "all-purpose jurisdiction over defendants that are essentially at home in the forum state; or specific jurisdiction arising from a defendant's activities directed toward the forum state.[14] Here, Plaintiff has only plead specific jurisdiction, namely that Defendants, collectively: (1) "have committed tortious acts in Texas by making Texas the focal point of their disparaging and defamatory conduct and by directing that conduct toward the people of Texas" (Dkt 1, ¶ 26); (2) attacked "ExxonMobil and advanced recycling – an operation ExxonMobil currently solely performs in Texas" (Dkt 1, ¶27); (3) acted through local chapters (Dkt. 1, ¶ 29); (4) "made defamatory statements designed to undercut ExxonMobil's community partnerships in Texas, including taking direct aim at ExxonMobil's relationships with the Houston Recycling Consortium and Cyclyx International, LLC (Dkt. 1, ¶ 30); (5) "conspired with others to undermine ExxonMobil's permits for advanced recycling through false and defamatory statements regarding the efficacy and compliance of ExxonMobil's operations with applicable environmental law" (Dkt. 1, ¶ 32); and (6) solicited residents in Texas and received donations from residents in Texas." (Dkt. 1, ¶ 93).

5.3     However, it is not enough to simply rest on the use of the collective term 'defendants' in the allegations.[15] Aggregating Heal the Bay into a collective "defending parties" or in this case "US Proxies" does not satisfy federal due process.[16] Plaintiff may not aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction

---

[14] *Brainstorm XX, LLC v. Wierman*, No. 4:21-cv-584-SDJ, 2022 WL 4387858, at * 4 (E.D. Tex. Sep. 22, 2022); the Court's jurisdiction must also satisfy the forum state's long-arm statute. *Def. Distributed v. Grewal, 971 F.3d 485, 490* (5th Cir. 2020). Because the Texas long-arm statute stretches to the constitutional maximum, the statue does not require separate analysis. *Id.*

[15] *Cunningham v. CBC Conglomerate LLC*, No. 4:17-CV-793, 2018 WL 4039729, at *17 (E.D. Tex. July 27, 2018), report and recommendation adopted, No. 4:17-CV-793, 2018 WL 4035958 (E.D. Tex. Aug. 23, 2018)(quoting *Lemann v. Midwest Recovery Fund LLC*, CV 15-3329, 2015 WL 7306442, at *5 (E.D. La. Nov. 19, 2015).

[16] *Id.* citing *Rush v. Savhuk*, 444 U.S. 320, 332-22, 100 S.Ct. 571, 62 L. Ed. 2d 516 (1980).

over an individual defendant.[17] Therefore, the only factual allegation mentioning Heal the Bay by name is one statement in the press release that ExxonMobil took out of context and manipulated. It is the only claimed fact that should be considered when evaluating whether the Court has specific jurisdiction over Heal the Bay.

    5.4    In evaluating specific jurisdiction, courts use a "three-step" procedure.[18] First, the plaintiff must demonstrate that the defendant has minimum contacts with the forum state, meaning that the defendant purposefully directed its activities at the forum state and availed itself of the privilege of doing business in Texas.[19] Second, the Plaintiff must demonstrate that the causes of action asserted against Heal the Bay arise from Heal the Bay's contacts with Texas.[20] Third, after Plaintiff establishes the first two requirements, the burden then shifts to Heal the Bay to prove that maintaining a lawsuit in the forum state would be either "unfair" or "unreasonable."[21]

    5.5    Specific jurisdiction is not based on the plaintiff's contacts with the forum state, or, standing alone, the defendant's contacts with the plaintiff, but instead focuses on the defendant's contacts with the forum state itself.[22] The *Calder* effects test is often used in Defamation cases.[23] Under the *Calder* test, ExxonMobil must demonstrate that Texas was the "focal point" of Heal the Bay's alleged misconduct and the harm ExxonMobil allegedly suffered.[24] If, however, Heal the Bay directed its actions at Texas no more specifically than any other State, the case must be dismissed for lack of personal jurisdiction.[25]

---

[17] *Id.* citing *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc.*, 631 F.Supp. 2d 1, 3 (D.D.C. 2009).
[18] *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021).
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Walden v. Fiore, 572 U.S. 277, 285-86 (2014).*
[23] *Brainstorm XX, LLC v. Wierman, No. 4:21-cv-584-SDJ, 2022 WL 4387858.*
[24] *Johnson v. HuffingtonPost.com, Inc., 21 F.4th 314, 318 (5th Cir. 2021).*
[25] *Revell v. Lidov, 317 F.3d 467, 473 (5th Cir. 2002).*

     5.6     Regarding the first step, Heal the Bay does not have an office, employees, agents, bank accounts, local chapters, mailing address, or telephone number in Texas.[26] Heal the Bay's only office is in Santa Monica, California.[27] The statement was published in a press release.[28] The press release was written in Santa Monica, California by Tracy Quinn, Cameron Weeks and Matt King, all based in Santa Monica, California.[29] None of the sources for the press release were based in Texas.[30] The press release was then posted on Heal the Bay's website and linked on its social media accounts which were accessible to all persons who have internet access, not just Texas residents.[31] Heal the Bay does not have any targeted marketing on either its website or social media to target Texas.[32] Likewise, the press release was never sent to any Texas residents and mentions nothing about Texas residents, Texas, or ExxonMobil's operations in Texas.[33] Heal the Bay has not solicited donations from the press release from Texas residents nor has it received donations from Texas residents from the press release.[34] Heal the Bay has no knowledge of what entities and municipalities ExxonMobil may or may not have contracts with including Houston Recycling Consortium and Cyclyx International, LLC and has not contacted them.[35] Additionally, Heal the Bay has not tried to interfere with ExxonMobil's permit process or placed "air tags" in plastic waste to track ExxonMobil's recycling efforts.[36]

---

[26] Ex. 1 – Aff. of Tracy Quinn,¶ 12-13.
[27] *Id.* at ¶ 3.
[28] Dkt. 1, ¶ 93, n. 57.
[29] Ex. 1 – Aff. of Tracy Quinn,  ¶6.
[30] *Id.* at ¶ 8.
[31] *Id.* at ¶ 9
[32] *Id.*
[33] *Id.* at ¶ 9-10.
[34] *Id.* at ¶ 10.
[35] *Id.* at ¶ 11
[36] *Id.* at ¶ 11.

5.7     The law is settled that a defendant does not have sufficient minimum contacts with a forum state just because its website is accessible there.[37] Clearly, as shown above, Texas was not the focal point of Heal the Bay's statements, the statements were not directed to the people of Texas, the statements did not refer to ExxonMobil's operations including, advanced recycling. Additionally, Heal the Bay does not have sufficient minimum contacts with Texas to have purposefully directed its activities at Texas  nor has it availed itself of the privileges of doing business in Texas.

5.8     The record lacks reference to any Heal the Bay conduct occurring in or directed at Texas. ExxonMobil is only complaining about one brief comment in a press release that was taken out of context. (Dkt. 1, ¶ 93, n. 57). The press release refers to the threat of plastic pollution to local beaches and ocean in California. The accurate statement is "Instead of cleaning up the wreckage created by Big Plastic we are moving aggressively to stop the harm at its source."[38] Heal the Bay does not mention advanced recycling or any recycling by ExxonMobil, nor does it refer to ExxonMobil's partnerships or permits. The Fifth Circuit has repeatedly held that "mere allegations of tortious interference with a forum resident's contractual rights is not sufficient to establish specific personal jurisdiction."[39] The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.[40]

5.9     Because Heal the Bay does not have sufficient minimum contacts with Texas, the analysis should end there. However, arguing innuendo that ExxonMobil reaches the second step

---

[37] *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18th F.4th 783, 786 (5th Cir. 2021).
[38] Ex. 1A – Heal the Bay, "Heal the Bay sues Big Plastic" (Sept. 23, 2024), https://healthebay.org/heal-the-bay-sues-big-plastic/ (last visited April 22, 2025).
[39] *Bluestone Partners, LLC v. Lifecycle Constr. Servs. LLC*, 642 F. Supp. 3d 560, 566 (E.D. Tex. 2022); *Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 383 (5th Cir. 2003)
[40]  *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 497 (5th Cir. 2022).

in the analysis, the Eastern District of Texas does not have specific jurisdiction over Heal the Bay. Under the second step in the analysis, ExxonMobil must demonstrate that the causes of action asserted against Heal the Bay arise from Heal the Bay's contacts with Texas.[41] ExxonMobil's allegation that "upon information and belief, at least some of the US Proxies solicited residents in Texas and received donations from residents in Texas" is deficient in that it does not identify which US Proxies and provides no factual basis.[42] Pleading on information and belief carries a caveat that the complaint must set forth a factual basis for such belief.[43] No donations were solicited or received from Heal the Bay's press release from Texas residents.[44]  ExxonMobil does not even allege that any solicitation or donations were made in connection with any alleged defamatory statements. Instead, it makes a conclusory allegation without any factual basis to support its claim that a basis for specific jurisdiction includes soliciting and receiving donations from Texas. However, ExxonMobil's claim does not rise above mere suspicion. Heal the Bay's only connection to ExxonMobil is the lawsuit in San Francisco. The causes of action asserted against Heal the Bay are business disparagement, defamation, tortious interference with contract, tortious interference with prospective business and civil conspiracy.[45] ExxonMobil has not shown that those causes of action arose out of Heal the Bay's contacts with Texas. In fact, ExxonMobil has not shown that Heal the Bay has <u>any</u> contacts with Texas. Therefore, the second step in the jurisdiction analysis is not met.

---

[41] *Admar Int'l, Inc. v. Eastrock, L.L.C.,* 18 F.4th 783, 786 (5th Cir. 2021).

[42] *Bowling v. Willis*, No. 4:18-CV-610-ALMCAN, 2019 WL 2517090, at *9 (E.D. Tex. Apr. 2, 2019), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).

[43] *Monson v. McClenny*, No. 4:23-cv-00928, 2024 WL 43914, at *11 (S.D. Tex. Sept. 19, 2024 (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

[44] Ex. 1 – Aff. of Tracy Quinn, ¶ 10.

[45] Dkt. 1, ¶ 104-133.

5.10    If, for some reason the Court finds that the first two steps are met, it is not fair or reasonable for Heal the Bay to maintain a lawsuit in Texas. Heal the Bay could not reasonably expect to be haled into a Texas court because of a press release that was written and published in California about litigation in the Northern District of California. The third step has five factors: (1) the burden on the nonresident defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution; and (5) the shared interest of the several states in furthering fundamental social policies.[46]

5.11    First, the primary concern is the burden on the defendant.[47] The burden on Heal the Bay is apparent. Heal the Bay is a nonprofit in California with one office in California who is being asked to defend a case against an international company halfway across the country. Heal the Bay is not a national nonprofit organization. Heal the Bay is dedicated to making the coastal waters and watersheds in Greater Los Angeles safe, healthy and clean.[48]  This factor favors Heal the Bay not being haled into a Texas court.

5.12    Second, Texas does not have an interest, equal to or greater than California in addressing plastic pollution on California beaches or in California waters, including the Pacific Ocean. Heal the Bay's statement was about plastic pollution in California waters. Therefore, this factor also favors Heal the Bay not being haled into a Texas court.

5.13    Third, Both ExxonMobil and Heal the Bay have an interest in obtaining relief. Therefore, it is a neutral factor.

---

[46] *Burger King Corp. v. Rudzewics*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).
[47] See *Bristol-Myers Squibb Co. v. Superior Court of Cal*., 137 S.Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017).
[48] Ex. 1 – Aff. of Tracy Quinn, ¶4.

5.14    Fourth, the most efficient resolution is not in Texas. There was pre-existing litigation in California where ExxonMobil could have brought its claims, but chose not to do so. ExxonMobil's claims arise out of the California litigation regarding an issue in California, plastic waste in California's waterways. Additionally, witnesses are located in California. This factor favors Heal the Bay not being haled into a Texas court.

5.15    Fifth, granted, Texas has a general interest in providing effective means of redress for its residents.[49] However, litigating in Texas would not advance any fundamental substantive social policy regarding plastic in California waterways.  Addressing comments about plastics pollution in California waterways in California courts advances substantive social policies of California. Therefore, this factor,  as well as most of the factors, favor Heal the Bay not being haled into a Texas court.

5.16    ExxonMobil has not established that Heal the Bay focused its alleged misconduct on Texas. Heal the Bay's press release was regarding the litigation in California to stop pollution of the beaches and ocean of Los Angeles County. The press release does not connect Heal the Bay to Texas in any way. Therefore, ExxonMobil has failed to show that Heal the Bay had sufficient minimum contacts with Texas to be subject to personal jurisdiction in this case. ExxonMobil has failed to show that Heal the Bay could reasonably expect to be sued in Texas for a press release that was made in California, about pollution on California beaches and in the Pacific Ocean and regarding a lawsuit that was filed in California. For these reasons, the Court should dismiss the claims against Heal the Bay for lack of personal jurisdiction.

---

[49] *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2. L. Ed. 2d 223 (1957).

### B. 12(b)(3) – Venue is improper in the Eastern District of Texas

5.17    ExxonMobil has not presented a viable ground for placing venue in the Eastern District of Texas. Neither the general venue statute nor a special venue statute support ExxonMobil's choice of the Eastern District of Texas. ExxonMobil has not alleged a special venue statute applies. Absent an applicable special venue statute, the general venue statute controls.[50]

5.18    Venue is improper only if the case does not fall into one of the three categories under 28 U.S.C.A § 1391(b) or under a specific venue provision.[51] The three venue categories are: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction which respect to such action.[52]

5.19    ExxonMobil has alleged all the domestic defendants reside in California (28 U.S.C. § 1391(b)(1)) (Dkt. 1, ¶¶ 17-21). ExxonMobil claims that venue is proper because a substantial part of the events or omissions giving rise to ExxonMobil's claims occurred in the Eastern District of Texas and because Heal the Bay is subject to the Court's personal jurisdiction. (Dkt. 1 ¶ 33). ExxonMobil has also alleged that the action giving rise to its claims against Heal the Bay was a press release, issued in California. (Dkt. 1, ¶ 93).

5.20    The plaintiff has the burden to prove that proper venue lies in the Eastern District of Texas.[53] A court can resolve venue by affidavit/declarations, in which case the plaintiff must

---

[50] 28 U.S.C. § 1391.
[51] *Atlantic Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. at 55-56, & n.2 (2013).
[52] 28 U.S.C § 1391(b).
[53] *Barrow v. Sutton*, 2014 U.S. Dist. LEXIS 191677 (S.D.Tex. July 16, 2014)

make a *prima facie* case showing to prevail.[54] If the court holds an evidentiary hearing under Rule 12(i), the court can resolve questions of witness credibility as well.[55]

5.21    Rule 12(b)(3) affords two forms of relief: dismissal or transfer of venue to a proper federal district.[56] A dismissal will not preclude ExxonMobil from refiling the case in a proper venue. The Court can also transfer the case to the Northern District of California, San Francisco Division, where the non-profit defendants' parallel case against ExxonMobil is currently pending.

5.22    In a Rule 12(b)(3) motion, a court can consider evidence outside the pleadings and need not accept the complaint's factual allegations as true.[57] A court has no obligation to accept as true complaint allegations that a defendant contradicts by affidavit/declaration[58], but a defendant has no obligation to refute conclusory allegations.[59] Similarly, a court has no obligation to accept "on information and belief" allegations, conclusory allegations, unwarranted factual inferences, or legal conclusions.[60] However, a court must draw reasonable inferences and resolve disputes in the plaintiff's favor for those allegations that rise to the level of non-conclusional facts.[61]

5.23    ExxonMobil predicates venue solely upon section 1391(b)(2), namely, a substantial part of the events giving rise to its claim against Heal the Bay occurred in the Eastern District of Texas. (Dkt. 1, ¶ 33). However, that is not the case. ExxonMobil takes a statement made by Heal the Bay in a press release, posted on its website, out of context and mischaracterizes it to argue

---

[54] *Arigna Tech, Ltd. v. Volkswagen AG*, 2022 U. S. Dist. LEXIS 129257 *12 (E.D.Tex. Jan. 20, 2022).
[55] *Id.* at 1139-40.
[56] 28 U.S.C. § 1406(a).
[57] *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1290 (11th Cir. 1998).
[58] *Braspetro Oil Srvs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007)(unpublished)
[59] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).
[60] *Aeritas, LLC v. Darden Corp.*, 2021 US. Dist. LEXIS 200829 at **5-6 (W.D.Tex. Oct. 18, 2021)
[61] *Id.*

that Heal the Bay was referencing Texas when it was not. The statement was not made in Texas or directed to residents of the Eastern District of Texas or Texas.[62] Not once was Texas or ExxonMobil's recycling operation in Texas mentioned.  Heal the Bay's mission is to make the coastal waters and watersheds in Greater Los Angeles safe, healthy, and clean.[63] ExxonMobil ignores the first sentence of the press release which states "Heal the Bay today took historic legal action to put an end to one of the existential threats facing our local beaches and ocean – plastic pollution."[64] Given that Heal the Bay is located in Santa Monica, the local beaches are in Los Angeles County and the ocean referenced would be the Pacific Ocean, not Texas beaches or the Gulf of Mexico. ExxonMobil also ignores a statement by Tracy Quinn, President and CEO of Heal the Bay in Exhibit 9 to its Complaint that refers solely to California: "Plastic is choking the life out of our ocean. It's turning California shorelines into waste dumps." Clearly, Heal the Bay's statement is about California, not Texas and not ExxonMobil's operations in Texas.

5.24    The fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district.[65] ExxonMobil having a recycling operation in the Eastern District and claiming to have felt effects of any alleged defamatory statement there is insufficient to establish that venue is proper in the eastern district.[66]

5.25    ExxonMobil has failed to show that venue is proper in the Eastern District of Texas as it relates to its claims against Heal the Bay. The Court should either dismiss ExxonMobil's

---

[62] Ex. 1 – Aff. of Tracy Quinn ¶ 5-6; 8-9.
[63] *Id.* at ¶ 4.
[64] Ex. 1A-  Heal the Bay, "Heal the Bay Sues Big Plastic" (Sept. 23, 2024), http://healthebay.org/heal-the-bay-sues-big-plastic/ (last visited Apr. 22, 2025).
[65] *Parks v. AIG*, No. 4:22-cv-991-SDJ, 2022 wl 17875810, AT *10-11 (E.D. Tex. Dec. 22, 2022).
[66] See *Nuttall .v. Juarez*, 984 F. Supp. 2d 637, *Bigham v. Envirocare of Utah*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000); *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010).

claims against Heal the Bay or transfer those claims to the Northern District of California, San Francisco Division.[67]

### C. 12(b)(6) – ExxonMobil has not plead sufficient facts against Heal the Bay

5.26    To survive a 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[68] In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth."[69] Second, the court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief.[70] A plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[71] Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).[72] The court accepts all well-pleaded facts as true, viewing them in the light most favorable to plaintiff. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[73] Mere conclusory allegations that supply no facts to support the allegations are inadequate as a matter of law.[74] "A complaint does not satisfy the

---

[67] Heal the Bay has joined the other nongovernmental organizations in filing a joint Motion to Transfer Venue.
[68] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)).
[69] *Ashcroft v. Iqbal*, 556 U.S. 662, 644, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).
[70] *Id.*
[71] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).
[72] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[73] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 556).
[74] *Iqbal*, 556 U.S. at 678.

requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual bases to distinguish their conduct."[75]

### i.    Business Disparagement

5.27    ExxonMobil's claim of business disparagement should be dismissed under Rule 12(b)(6) for failure to state a claim. The elements for business disparagement under either Texas or California law are: (1) a false and disparaging statement; (2) the unprivileged publication by the defendant; (3) malice; and (4) special damages.[76] Here, ExxonMobil has not plead sufficient facts to create more than a sheer possibility that Heal the Bay made the statement, "Instead of cleaning up the wreckage created by Big Plastic we are moving aggressively to stop the harm at its source," with malice, that is "with knowledge that it is false or with reckless disregard of whether it is true."[77] Reckless disregard is shown when the defendant in fact entertained serious doubts as to the truth of its publication or had a high degree of awareness of the probable falsity of the published information.[78] ExxonMobil claims the statement made by Heal the Bay falsely accuses ExxonMobil of causing plastic pollution. However, ExxonMobil never addresses plastic pollution and how or why Heal the Bay allegedly acted with malice in making those statements. Instead, the focus of ExxonMobil's complaint that collectively lump defendants together focuses on advanced recycling. (Dkt 1 ¶ 94-98). ExxonMobil makes a conclusory statement that because of these studies published by the State of California that again, defendants collectively, knew or recklessly disregarded whether their statements were true. ExxonMobil has not plead a connection between those studies and Heal the Bay.

---

[75] *Bowling v. Willis*, No. 4:18-CV-610-ALMCAN, 2019 WL 2517090, at *9 (E.D. Tex. Apr. 2, 2019), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).

[76] See *Teel v. Deloitte & Touche LLP*, No. 3:15-cv-2593-G, 2015 WL 9478187, at * 8-9 (N.D. Tex. Dec. 29, 2015); *Diaz v. Heredia*, No. 5:20-CV-02332-JWH-KK, 2024 WL 4381364, at *14-15 (C.D. Cal. Jan. 4, 2024).

[77] *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003).

[78] *Id.*

5.28    Arguably, ExxonMobil is not claiming that Heal the Bay's statement caused business disparagement because in paragraph 105 of its Complaint, under the cause of action of business disparagement, ExxonMobil only references advanced recycling not being a farce or myth and that ExxonMobil has not engaged in a decades-long secret mission to brainwash or deceive the public. (Dkt. 1, ¶ 105). These are not statements that ExxonMobil specifically states Heal the Bay said or published. Therefore, the plaintiff has failed to plead sufficient facts to support its blanket allegation of business disparagement against Heal the Bay.

### ii.    Defamation

5.29    Courts have recognized the similarity between an action for business disparagement and an action for defamation.[79] Both torts involve the imposition of liability for an injury sustained through publication to third parties of a false statement affecting the plaintiff.[80] However, the two torts protect different interests.[81] The action for defamation protects the personal reputation of the injured party, which the action for business disparagement protects the economic interests of the injured party against pecuniary loss.[82] ExxonMobil's Complaint contains no factual allegations setting forth how the statement "instead of cleaning up the wreckage created by Big Plastic we are moving aggressively to stop the harm at its source" is false.

### iii.    Tortious Interference with Contract

5.30    Under Texas law the elements of tortious interference with a contract are: (1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss.[83]

---

[79] *Hurlburt v. Gulf Atlantic Life Insurance Company*, 749 S.W.2d 762, 766 (Tex. 1987).
[80] *Id*.
[81] *Id*.
[82] *Id*.
[83] *Hughes Tech. Servs. L.L.C v. Glob. Consulting & Mech. Servs., L.L.C.*, No. 2:21-CV-0156-RSP, 2022 WL 811058, at *8-9 (E.D. Tex. Mar. 16, 2022)

To prevail on a tortious-interference claim, a plaintiff must present evidence that the defendant interfered with a specific contract.[84] ExxonMobil claims that a number of entities backed out of a memoranda of understanding for advanced recycling. (Dkt.1, ¶ 120). In addition to ExxonMobil's statement being conclusory and under *Iqbal*, should be disregarded, ExxonMobil has not plead sufficient facts to establish that any memorandum of understanding was executed or that a term of the memorandum of understanding was that it was an enforceable contract.[85]

5.31    Additionally, ExxonMobil claims that Defendants, collectively, knew, understood and believed their comments would damage contractual relationships and hinder the ability of ExxonMobil to execute these contracts and cause municipalities to second-guess their agreements. (Dkt. 1, ¶ 118). However, this is a conclusory allegation that the court should disregard under *Iqbal*. ExxonMobil has not plead any facts that allege Heal the Bay knew, understood, or believed its statement would damage ExxonMobil's contractual relationships. ExxonMobil's conclusory allegations supply no facts to support its allegations and therefore are inadequate as a matter of law.[86]

5.32    Further, ExxonMobil only alleges that its ability to uphold its contractual obligations was hindered. (Dkt. 1 ¶ 119). ExxonMobil does not say it was unable to meet its contractual obligations, therefore, ExxonMobil did not suffer an injury. Therefore, Plaintiff has failed to plead sufficient facts regarding its claim for tortious interference with contract.

iv.    **Tortious Interference with prospective business**

---

[84] *Id.* at *9 (citing *McGehee v. Hagan*, 367 S.W.3d 848, 855 (Tex. App. – Houston [14th Dist.] 2012, pet. denied).
[85] See *GWTP Invs., L.P. v. SES Americom, Inc.*, 498 F.3d 478, 480 (5th Cir. 2007).
[86] *Bowling v. Willis*, No. 4:18-CV-610-ALMCAN, 2019 WL 2517090, at *9 (E.D. Tex. Apr. 2, 2019), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).

5.33    Tortious interference with prospective business is a different tort than tortious interference with contract and is more difficult to prove.[87] Tortious interference with prospective business requires: (1) reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference.[88]

5.34    ExxonMobil is required to provide grounds of its' entitlement to relief and provide more than a formulaic recitation of the elements of its cause of action.[89] Here, ExxonMobil has only recited that there was a reasonable probability of entering into contracts with entities for the sale of plastic resins created from advanced recycling, but states no facts to support its assertion.

5.35    Additionally, in paragraph 125 of its Complaint, ExxonMobil claims "Defendants defamed ExxonMobil by accusing it of lying and deceiving the public and claiming that advanced recycling is a farce." (Dkt. 1, ¶ 125). However, this is insufficient to establish a tortious interference with prospective business claim against Heal the Bay because ExxonMobil does not claim that Heal the Bay specifically stated that advanced recycling is a farce. The only statement that ExxonMobil contributes directly to Heal the Bay is "instead of cleaning up the wreckage created by Big Plastic we are moving aggressively to stop the harm at its source."[90] That statement does not refer to advanced recycling and does not state that advanced recycling is a farce.

---

[87] *United Biologics, L.L.C. v. Allergy & Asthma Network*, 819 Fed. Appx. 204, 211 (5th Cir. 2020).
[88] *Id.*
[89] *Iqbal*, 556 US 644
[90] Ex. 1A – Heal the Bay, "Heal the Bay sues Big Plastic" (Sept. 23, 2024), https://healthebay.org/heal-the-bay-sues-big-plastic/ (last visited April 22, 2025).

Therefore, ExxonMobil has not plead sufficient facts to state that its claim of tortious interference with prospective business is plausible on its face against Heal the Bay.

### v.    Civil Conspiracy

5.36    Civil conspiracy is derivative of an underlying tort.[91] Therefore, dismissal of the underlying tort claim warrants dismissal of the civil conspiracy claim.[92]

### vi.    Declaratory Judgment is not justiciable.

5.37    ExxonMobil's claim for declaratory judgment should be dismissed under Rule 12(b)(6) for failure to state a claim because it is not justiciable.[93] To be justiciable, a controversy must be such that it can be presently litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.[94] Therefore, there must be an "actual controversy" between the parties that is ripe.[95] ExxonMobil's seeks declaratory relief because it states that upon information and belief, ExxonMobil is likely to become involved in additional legal matters bringing similar allegations in the near future. (Dkt. 1, ¶ 138). However, the fact that there might be similar allegations in the future, does not create a presently litigated controversy. Further, pleading "upon information and belief" is permissible when the facts are peculiarly within the possession and control of the defendant.[96] However, in this case whether there will be other litigation brought against ExxonMobil in the future is not within Heal the Bay's possession or control. Therefore, ExxonMobil's requested declaratory relief is not justiciable and should be dismissed.

---

[91] See *Tifford v. Tandem Energy Corp.*, 562 F.3d 699 (5th Cir. 2009).
[92] *Id.*
[93] *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).
[94] *Brown & Root, Inc. v Big Rock Corp*., 383 F.2d 662, 665 (5th Cir. 1967).
[95] *Wolfe*, 212 F.3d at 895.
[96] *Innova Hosp. San Antonio, Ltd. P'ship, v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).

## PRAYER

Heal the Bay asks the Court to: (1) grant its motion to dismiss for lack of personal jurisdiction; (2) grant its motion to dismiss for improper venue, or alternatively, transfer venue for convenience to the Northern District of California, San Francisco Division; (3) grant its motion to dismiss for failure to state a claim; and (4) grant such further relief to which Heal the Bay may be entitled to.

Dated: April 25, 2025

Respectfully Submitted,

**TRIBBLE | ROSS**

By:  */s/ Deborah A. Greenleaf*
       Wesson H. Tribble
       State Bar No. 20213960
       Deborah A. Greenleaf
       State Bar No. 08402650
       Monica C. Vaughan
       State Bar No. 00794784
       Fallin D. Schwartz
       State Bar No. 24095622
       6371 Richmond Avenue
       Houston, Texas   77057
       Telephone:    (713) 622-0444
       Facsimile:    (713) 622-0555
       wtribble@tribblelawfirm.com
       dgreenleaf@tribblelawfirm.com
       mvaughan@tribblelawfirm.com
       fschwartz@tribblelawfirm.com
       ***Attorneys for Defendant***
       ***Heal the Bay, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 25, 2025, I filed the foregoing with the Clerk of the Court using the

CM/ECF system which will send a "Notice of Electronic Filing" to the following CM/ECF

participants and via email:

Michael P. Cash
Wade T. Howard
Liskow & Lewis
First City Tower
1001 Fannin St., Ste. 1800
Houston, TX 77002
(713).651.2900 telephone
(713).651-2908 facsimile
mcash@liskow.com
wthoward@liskow.com
**Attorneys for Plaintiff**
**ExxonMobil Corporation**


Robert William Setrakian

300 South Spring St.
Los Angeles, CA 90013
(213) 269-6668
William.setrakian@doj.ca.gov
**Attorney for Defendant**
**Robert Andres Bonta a/k/a Rob Bonta, in his individual capacity.**


Matthew Craig
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(929) 294-2542
mcraig@heckerfink.com
**Attorney for Defendant**
**Intergenerational Environment Justice Fund Ltd.**

John H. Barr
Forest Nelson
Burr Barr & Associates, LLP
203 E. Colorado Blvd.
Dallas, Texas 75203
(214) 943-0012

Heal the Bay 12(b) Motions                                    Page **22** of **23**

jbarr@bbarr.com
fnelson@bbarr.com
**Attorneys for Defendant**
**Baykeeper, Inc.**

Scott E. Gant
Boies Schiller Flexner
1401 New York Avenue, NW
Washington, DC 20005
(202) 237-2727
sgant@bsfllp.com
**Attorney for Defendant**
**Sierra Club, Inc.**

James A. Hemphill
Peter D. Kennedy
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave, Ste. 2700
Austin, TX 78701
(512) 480-5600
jhemphill@gdhm.com
pkennedy@gdhm.com
**Attorneys for Defendant**
**Surfrider Foundation, Inc.**

*/s/ Deborah A. Greenleaf*
Deborah A. Greenleaf