Rob Bonta
Attorney General of California
R. Matthew Wise
Supervising Deputy Attorney General
Will Setrakian, CA State Bar No. 335045
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1230
 Telephone: (213) 269-6668
 Fax: (916) 731-2125
 E-mail: William.Setrakian@doj.ca.gov
*Attorneys for Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **EXXON MOBIL CORPORATION,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**ROBERT ANDRES BONTA A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY, Et Al.,**<br><br>　　　　　　　　　　　　Defendants. | 1:25-cv-00011-MJT<br><br>**DEFENDANT ATTORNEY GENERAL ROB BONTA'S OPPOSED MOTION TO STAY DISCOVERY AND DISCLOSURES; UNOPPOSED MOTION TO SHORTEN RESPONSE TIME**<br><br>Judge:　　　　Hon. Michael J. Truncale<br>Action Filed: January 6, 2025 |

## INTRODUCTION

Attorney General Bonta has asserted several immunity defenses to the Complaint. Circuit precedent provides that a stay of discovery and disclosures as to Attorney General Bonta is warranted while the Court considers those defenses. Attorney General Bonta thus requests a discovery and disclosures stay until the Court rules on his asserted immunities. Given the timeline for initial disclosures, Attorney General Bonta also requests the Court shorten ExxonMobil's response time to this motion to six days—a request that ExxonMobil does not oppose.

1

Defendant Attorney General Rob Bonta's Opposed Motion to Stay Discovery and Disclosures; Unopposed Motion to Shorten Response Time (1:25-cv-00011-MJT)

## STATEMENT OF FACTS

In January, ExxonMobil sued Attorney General Bonta and several other defendants based on remarks concerning a disputed technology called advanced recycling. ECF No. 1. Attorney General Bonta moved to dismiss. ECF No. 44. Ten of his motion's twenty pages assert official and sovereign immunity defenses. *Id.* at 17–27.

## STANDARD OF REVIEW

The Court can stay discovery for "good cause shown." Fed. R. Civ. P. 26(c)(1). Good cause exists if the party from whom discovery is sought shows that he would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.* "The Court 'has broad discretion and inherent power to stay discovery' while a motion to dismiss is pending." *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, PC.*, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). This includes the discretion to stay initial disclosures. *Serafine v. Abbott*, 2021 WL 5908618, at *3 (W.D. Tex. Dec. 13, 2021). As discussed below, a stay of discovery is particularly appropriate where, as here, a party asserts governmental immunity defenses.

## ARGUMENT

**I.   ATTORNEY GENERAL BONTA'S SOVEREIGN AND OFFICIAL IMMUNITY DEFENSES ENTITLE HIM TO A DISCOVERY STAY**

"[I]t is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation." *Moreno v. United States*, 2024 WL 3763755, at *2 (W.D. Tex. Aug. 12, 2024) (quoting *Rivera v. United States*, 2015 WL 13650012, at *2 (W.D. Tex. May 18, 2015)). As a result, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.").

2

Defendant Attorney General Rob Bonta's Opposed Motion to Stay Discovery and Disclosures; Unopposed Motion to Shorten Response Time (1:25-cv-00011-MJT)

The Court should stay discovery and disclosures here. Attorney General Bonta has asserted immunity defenses. ECF No. 44 at 17–27. Both his sovereign and official immunity defenses entitle him to a stay of discovery and disclosures pending the resolution of those defenses.

Start with sovereign immunity. "[S]overeign immunity is an immunity from *suit* (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also In re Paxton*, 60 F.4th 252, 256 n.2 (5th Cir. 2023) (applying *Carswell v. Camp* to an assertion of sovereign immunity). Accordingly, although "discretionary stays of discovery are 'very rare' in the context of a Rule 12(b)(6) motion to dismiss, that analysis is different when a party asserts a plausible defense of sovereign immunity." *Fernandez v. Louisiana Dep't of Child. & Fam. Servs.*, 2025 WL 692357, at *2 (M.D. La. Mar. 4, 2025) (quoting *Moreno*, 2024 WL 3763755, at *2). "Absent a waiver, sovereign immunity serves as a jurisdictional bar." *O'Brien v. United States*, 2020 WL 13453355, at *1 (E.D. Tex. Nov. 12, 2020). "Thus, the resolution of [Attorney General Bonta's] assertions of sovereign immunity is potentially case dispositive, and the Court has the inherent discretionary power to stay discovery." *Id.* Courts thus frequently stay discovery if a defendant asserts a sovereign-immunity defense. *See, e.g.*, *Rosales v. Wormuth*, 2024 WL 1336464, at *3–4 (W.D. Tex. Mar. 28, 2024); *J.A. b/n/f Alvarez v. Texas Educ. Agency*, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020); *Davis v. United States Army Rsrv. Through 321st Sustainment Brigade*, 2019 WL 5777387, at *2 (M.D. La. Nov. 5, 2019). Courts also stay the exchange of initial disclosures under this reasoning. *Serafine*, 2021 WL 5908618, at *3; *James v. Ailes*, 2020 WL 7338067, at *2 (N.D. Miss. Dec. 14, 2020); *see also Becton v. City of McKinney, Texas*, 2017 WL 10221058, at *1 (E.D. Tex. Apr. 20, 2017) (staying initial disclosure of documents under Federal Rule of Civil Procedure 26(a)(1)(A)(ii)). "If discovery were to continue in this case while [Attorney General Bonta's] motion to dismiss is pending, [he] would be subject to undue burden and expense undertaking discovery on claims that this Court may dismiss on immunity grounds. By contrast, [ExxonMobil] will be minimally harmed by a temporary stay should the Court not grant [Attorney General Bonta's] motion to dismiss." *Moreno*, 2024 WL

3

3763755, at *2. In short, there is good cause to stay discovery based on Attorney General Bonta's sovereign-immunity defense.

The same result inheres under Attorney General Bonta's official-immunity defense. Discovery stays are "common when a court is considering" state-law-immunity defenses. *Goins v. City of Sansom Park*, 637 F. App'x 838, 839 & n.1 (5th Cir. 2016) (per curiam) (state-law immunity asserted). And even if the Court finds that these state-law claims are outside the ambit of official immunity—which it should not, because California and Texas law immunize Attorney General Bonta—it should stay discovery while considering Attorney General Bonta's sovereign-immunity defenses. *Henderson v. Bd. of Supervisors of S. Univ. & A & M Coll.*, 2022 WL 2654978, at *3 (M.D. La. July 8, 2022); *In re Paxton*, 60 F.4th at 256–57.

ExxonMobil may respond that these immunity doctrines do not apply because it sues Attorney General Bonta in his personal capacity. That does not counsel against a stay of discovery. First, a court focuses on the assertion of an immunity defense, staying discovery while it examines whether the defense is merited. *Rosales*, 2024 WL 1336464, at *4 ("The stay will lift automatically when the District Court issues an order on the motions to dismiss."). Second, as discussed in Attorney General Bonta's Motion to Dismiss, sovereign immunity would provide little protection if plaintiffs could subvert it by naming defendants in their individual capacities. ECF No. 44 at 26 (citing, among other cases, *Stramaski v. Lawley*, 44 F.4th 318, 324 (5th Cir. 2022) ["[T]he fact a plaintiff brings a suit against a state employee solely in that employee's individual capacity does not eliminate the Eleventh Amendment as a possible defense."]).

Finally, the outcome of this motion does not depend on the Court's assessment of the strength of Attorney General Bonta's immunity defenses. The Court in granting this motion would not "address the merits of [Attorney General Bonta's] motion to dismiss." *Moreno*, 2024 WL 3763755, at *2. Instead, it would vindicate the well-established principle that government defendants need not face discovery while they have pending 12(b) arguments sounding in immunity. *O'Brien*, 2020 WL 13453355, at *1.[1]

---

[1] Should the Court not be inclined to stay initial disclosures fully, Attorney General Bonta requests that it, at a minimum, stay the production of documents called for under Federal Rule of Civil Procedure 26(a)(1)(A)(ii). *Becton*, 2017 WL 10221058, at *1.

4

## II. THE COURT SHOULD SHORTEN EXXONMOBIL'S RESPONSE PERIOD TO THIS MOTION

Due to the impending discovery deadlines, the Court should shorten ExxonMobil's response period to six days, instead of the usual fourteen. ExxonMobil does not oppose this shortening of its response time.

Local Rule CV-7(e) provides that "[a] party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents," but allows "[a]ny party [to] separately move for an order of this court lengthening or shortening the response period." Here, shortening the response period makes sense. Attorney General Bonta's disclosures are due no later than May 22. ECF No. 42 at 1. When the Court denied the parties' joint motion to stay discovery on May 5, ECF No. 59, this motion became necessary, and Attorney General Bonta filed it the next day. Because this motion is filed on May 6, ExxonMobil's opposition would be due May 20 under normal operation of Court rules. That would give the Court only two days to rule before the May 22 deadline, and may necessitate Attorney General Bonta preparing disclosures in the meantime—the "burdens of litigation" that Circuit law seeks to avoid for government entities asserting immunity defenses. *Moreno*, 2024 WL 3763755, at *2 (quotation omitted); *Siegert*, 500 U.S. at 232.

## CONCLUSION

The Court should grant Attorney General Bonta's Motion. Due to the impending May 22 deadline for initial disclosures, Attorney General Bonta requests an expedited ruling on this motion. To that end, Attorney General Bonta will not file a reply brief.

5

Defendant Attorney General Rob Bonta's Opposed Motion to Stay Discovery and Disclosures; Unopposed Motion to Shorten Response Time (1:25-cv-00011-MJT)

| | | |
|---|---|---|
| 1 | Dated: May 6, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | R. MATTHEW WISE<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Robert William Setrakian |
| 6 | | |
| 7 | | WILL SETRAKIAN<br>Deputy Attorney General (CA SBN 335045), admitted *pro hac vice* |
| 8 | | 300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013-1230 |
| 9 | | Telephone: (213) 269-6668<br>Fax: (916) 731-2125 |
| 10 | | E-mail: William.Setrakian@doj.ca.gov |
| 11 | | *Attorneys for Attorney General Robert Bonta* |
| 12 | SA2025300062 | |

6

**CERTIFICATE OF COMPLIANCE**

I certify that on May 6, 2025, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

*/s/ Robert William Setrakian*
Will Setrakian

7

Defendant Attorney General Rob Bonta's Opposed Motion to Stay Discovery and Disclosures; Unopposed Motion to Shorten Response Time (1:25-cv-00011-MJT)

# CERTIFICATE OF CONFERENCE

On May 6, 2025, I met and conferred telephonically with Mike Cash, counsel for Plaintiff ExxonMobil, to comply with Civil Local Rule CV-7(h). ExxonMobil opposes the motion to stay of discovery; ExxonMobil does not oppose the motion to shorten response time. No agreement could be reached because of disagreement over Attorney General Bonta's entitlement to a discovery stay. Discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve. This conference happened in good faith to resolve the dispute without Court action. Fed. R. Civ. Proc. 26(c)(1).

On May 5, 2025, I met and conferred telephonically with Forest Nelson, counsel for Baykeeper. Counsel for Baykeeper does not plan to oppose the motion.

On May 6, 2025, I met and conferred telephonically with Deborah Greenleaf, counsel for Heal the Bay. Counsel for Heal the Bay does not oppose the motion.

On May 5, 2025, I met and conferred telephonically with Scott Gant, counsel for Sierra Club. Counsel for Sierra Club does not oppose the motion.

On May 5, 2025, I met and conferred telephonically with Matthew Craig, counsel for the Intergenerational Environment Justice Fund. Counsel for the Fund does not oppose the motion.

On May 6, 2025, I met and conferred telephonically with Jim Hemphill, counsel for Surfrider. Counsel for Surfrider does not oppose the motion.

*/s/ Robert William Setrakian*
Will Setrakian

8

Defendant Attorney General Rob Bonta's Opposed Motion to Stay Discovery and Disclosures; Unopposed Motion to Shorten Response Time (1:25-cv-00011-MJT)

# CERTIFICATE OF SERVICE

Case Name:  **Exxon Mobil v. Bonta**           No.   **1:25-cv-00011-MJT**

I hereby certify that on May 6, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANT ATTORNEY GENERAL ROB BONTA'S OPPOSED MOTION TO STAY DISCOVERY AND DISCLOSURES; UNOPPOSED MOTION TO SHORTEN RESPONSE TIME**

2. **[PROPOSED] ORDER GRANTING DEFENDANT ATTORNEY GENERAL ROB BONTA'S MOTION TO STAY DISCOVERY AND DISCLOSURES AND TO SHORTEN RESPONSE TIME**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 6, 2025, at Los Angeles, California.

| | |
|---|---|
| D. Serzo | *D. Serzo* |
| Declarant | Signature |

SA2025300062
67623537.docx