IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **EXXON MOBIL CORPORATION,**<br><br>    Plaintiff,<br><br>v.<br><br>**ROBERT ANDRES BONTA A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY; SIERRA CLUB, INC.; SURFRIDER FOUNDATION, INC.; HEAL THE BAY, INC.; BAYKEEPER, INC.; AND INTERGENERATIONAL ENVIRONMENT JUSTICE FUND LTD.**<br><br>    Defendants. | **CIVIL ACTION NO. 1:25-cv-0011**<br>**JUDGE MICHAEL J. TRUNCALE** |

**EXXON MOBIL CORPORATION'S OPPOSITION TO DEFENDANT**
**ROB BONTA'S MOTION TO STAY DISCOVERY AND DISCLOSURES**

Despite the fact that this Court has already rejected a joint request to stay discovery, ECF No. 59, Defendant Robert Bonta ("Bonta") has yet again moved to stay discovery and initial disclosures until the Court resolves the pending sovereign immunity issue. ECF No. 61. The Federal Rules of Civil Procedure vest this Court with broad discretion to manage its docket. Bonta's motion offers no valid grounds for this Court to deviate from its prior ruling.

**STATEMENT OF FACTS**

Exxon Mobil Corporation ("ExxonMobil") filed this lawsuit to challenge Bonta's and other Defendants' unlawful actions that defamed ExxonMobil and damaged its economic interests. ECF No. 1. In response, Bonta moved for dismissal, asserting in part sovereign and official immunity defenses. ECF No. 44. In the meantime, the Court entered a case management order, setting

deadlines for conducting a "Rule 26(f) Attorney Conference," completing Rule 26(a) "initial disclosures," and filing a "joint report." ECF No. 42 at 1. In the order, this Court also scheduled a case management conference, noting that it would not permit a continuance "absent a showing of good cause." *Id.*

The following week, the parties jointly moved to stay that order "pending resolution" of Bonta's and the other Defendants' motions to dismiss. ECF No. 53 at 2. In making that request, the parties listed the various motions filed by all Defendants that they asserted should be decided before discovery—specifically noting that Bonta had filed a motion pursuant to Rule 12(b)(1) based on sovereign immunity. But the Court denied this request, directing that the parties "comply" with the existing deadlines provided in Court's case management order. ECF No. 59. Dissatisfied with that ruling, Bonta filed the present motion, effectively requesting that the Court reconsider its decision. Bonta argues that this Court's standard case management procedures are unduly burdensome. According to Bonta, his alleged defenses should excuse him from complying with the obligations required by the case management order.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 26(c) governs a party's request to stay discovery. That provision imposes a "good cause" standard, permitting a stay only when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expens[e] absent a stay." Fed. R. Civ. P. 26(c)(1). To meet that standard, a party must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The trial court is given "broad

discretion" to resolve these and similar discovery disputes. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

## ARGUMENT

### I. This Court has already rejected a request to postpone the case management order.

As a threshold matter, Bonta fails to offer a practical justification for this Court to reconsider its prior decision. Establishing good cause does not turn on how many times or ways a litigant asks the court for the same relief. As noted, this Court has already rejected an attempt to stay its case management order—a decision well within the bounds of its authority. Indeed, inherent in a district court's broad power to orchestrate the litigation process is its ability to "tailor" and "dictate" the "sequence of discovery." *See Crawford-El v. Britton*, 523 U.S. 574, 598, 118 (1998). This Court, in exercising that authority, determined that its original case management order is both feasible and appropriate. *See* ECF No. 59. On this basis alone, this Court should reject Bonta's thinly veiled motion for reconsideration and require the parties to proceed as previously ordered. ECF Nos. 42, 59.

### II. Initial disclosures and similar procedural obligations impose minimal burdens and fall outside of the core concerns of sovereign immunity.

There are other reasons to deny Bonta's motion. In asking to be excused from discovery, Bonta fails to recognize that, although sovereign immunity is designed to protect against burdensome litigation, it does not insulate a party from every procedural step in the life of a lawsuit. In multiple civil actions, this Court has enforced its case management order despite pending and unresolved immunity issues. *See*, *e.g.*, *Chavez v. Jefferson Ctny.*, 1:22-CV-00257, at ECF Nos. 46, 58 (Sept. 9, 2022) (Truncale, J.) (holding case management conference despite pending motions to dismiss on immunity grounds); *Bass v. Jackson*, 1:24-CV-00085, at ECF Nos. 20, 32 (Jul. 2, 2024) (Truncale, J.) (same). Bonta himself cites a decision adopting this view. *See*

*Becton v. City of McKinney, Texas*, No. 4:16-CV-965, 2017 WL 10221058, at *2 (E.D. Tex. Apr. 20, 2017) (refusing, in an immunity case, to stay requirements related to the Rule 26(f) conference, scheduling, or the management conference, except as to the requirement under Rule 26(a)(1)(A)(ii)). Other district courts have routinely rejected requests similar to Bonta's, concluding that initial Rule 26 obligations are not unduly burdensome for defendants who claim immunity. *See*, *e.g.*, *Tesla, Inc. v. La. Auto. Dealers Ass'n*, No. CV 22-2982, 2025 WL 744151, at *7 (E.D. La. Mar. 7, 2025) (requiring parties to engage in Rule 26 conference despite unresolved immunity issues); *Navarro v. VIA Metro. Transit*, 18-CV-00724, at ECF No. 25 (W.D. Tex. Jan. 8. 2019) (mandating that parties proceed with initial disclosures under Rule 26(a)(1) even though sovereign immunity was in dispute); *Roberts v. Indiana*, No. 1:23-CV-00828, 2023 WL 8113614, at *2 (S.D. Ind. Nov. 22, 2023) (denying joint motion to stay discovery deadlines when Defendant alleged sovereign immunity*); Cicco v. Nat'l Aeronautics & Space Admin.*, No. 18-CV-1164, 2018 WL 5281911, at *2 (D. Kan. Oct. 24, 2018) (requiring parties to comply with Rule 26(a)(1) initial disclosure requirements despite defendant's unresolved sovereign immunity defense).

These decisions recognize that the Court's case management order and initial disclosures do not impose targeted discovery that would threaten Bonta's immunity claim. For example, the disclosure requirements under Rule 26(a) require, among other things, that each party provides basic information, like the names of likely witnesses. Surely, providing that information "should not be burdensome while the Court decides Defendant [Bonta's] immunity defense." *See Becton, Texas*, 2017 WL 10221058, at *1. The same is true for holding a Rule 26(f) conference. *See Tesla,* 2025 WL 744151, at *7 (describing benefits of Rule 26(f) conference despite unresolved immunity issues); *Sneed v. Abbot*, No. CV 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. June 29,

2021) ("The Court finds that such a conference would be minimally burdensome."). Like disclosures, these conferences serve as a helpful tool to streamline litigation.

Bonta's motion should be denied for the same reasons. Enforcing the existing case management order neither waives nor prejudices Bonta's immunity defense. The conference simply provides the parties with an opportunity to discuss various issues required by court order. In any event, Bonta offers no good cause to forgo his case management obligations or, at the very least, alter this Court's historic practices. *See Chavez & Bass*, *supra*.

**III.    Limited discovery may be necessary to resolve the immunity question in dispute.**

Bonta's motion altogether ignores that a stay of all discovery at this stage would risk deciding a dispositive issue without an adequate factual record. Far from undermining Bonta's immunity defense, certain discovery may assist the Court in determining whether immunity applies in the first place. That is especially true considering ExxonMobil's fundamental assertion that Bonta's unlawful conduct was undertaken in his individual, not his official, capacity. For this reason, ExxonMobil sued Bonta in his individual capacity, not as Attorney General. Discovery would likely assist the Court in making this distinction. For example, ExxonMobil intends to pursue discovery of Bonta's correspondence and communications with campaign advisors and others which discussed a strategy of criticizing Exxon as a mechanism to raise funds and seek votes. These communications would be directly relevant to showing that Bonta's challenged actions were undertaken in his individual capacity and thus are not immune. Staying discovery on this threshold issue would deny ExxonMobil access to relevant information in support of its claims. And it would unduly prejudice both ExxonMobil and the Court, which would be left to decide a dispositive issue without the benefit of the full picture before it. Bonta's attempt to obstruct the ordinary litigation process should be denied.

## CONCLUSION

Bonta offers no valid reason for this Court to revisit its recent prior ruling: Initial disclosures and the attorney conference must proceed as mandated by the case management order. ECF Nos. 42, 59. However Bonta might frame it, the obligations set forth in this Court's prior order are neither intrusive nor improper, even as Bonta's immunity defense remains pending. In fact, a stay of discovery would unfairly preclude ExxonMobil from discovering facts pertinent to its core assertion that Bonta's immunity defense does not apply. For these reasons, the Court should deny Bonta's motion and allow this matter to proceed in accordance with the Court's prior orders. *Id*.

May 12, 2025                                              Respectfully submitted,

**LISKOW & LEWIS**

By: _____
Michael P. Cash
mcash@liskow.com
State Bar No.03965500
Federal Bar No. 5472
Wade T. Howard
wthoward@liskow.com
State Bar No. 00787725
Federal Bar No. 17514
First City Tower
1001 Fannin Street, Suite 1800
Houston, Texas 77002
713.651.2900 – Telephone
713.651.2908 – Facsimile

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

-7-

## **CERTIFICATE OF COMPLIANCE**

**I HEREBY CERTIFY** that on this 12th day of May, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

Michael P. Cash