IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **EXXON MOBIL CORPORATION,**<br><br>  Plaintiff,<br><br>v.<br><br>**ROBERT ANDRES BONTA A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY; SIERRA CLUB, INC.; SURFRIDER FOUNDATION, INC.; HEAL THE BAY, INC.; BAYKEEPER, INC.; AND INTERGENERATIONAL ENVIRONMENT JUSTICE FUND LTD.**<br><br>  Defendants. | **CIVIL ACTION NO. 1:25-cv-0011**<br>**JUDGE MICHAEL J. TRUNCALE** |

**EXXON MOBIL CORPORATION'S OPPOSITION TO
DEFENDANT INTERGENERATIONAL ENVIRONMENT JUSTICE
FUND LTD.'S MOTION TO STAY DISCOVERY**

Despite the fact that this Court has already rejected a joint request to stay discovery, ECF Nos. 42, 59, Defendant Intergenerational Environment Justice Fund Ltd. ("IEJF") has yet again moved to stay discovery and initial disclosures until the Court resolves its pending motion to dismiss. ECF No. 68. The Federal Rules of Civil Procedure vest this Court with broad discretion to manage its docket. IEJF's motion offers no valid ground for this Court to deviate from its prior ruling.

**STATEMENT OF FACTS**

Exxon Mobil Corporation ("ExxonMobil") filed this lawsuit to challenge IEJF's and other Defendants' unlawful actions that defamed ExxonMobil and damaged its economic interests. ECF

No. 1. In response, IEJF moved for dismissal, asserting defenses of lack of personal jurisdiction and failure to state a claim. ECF No. 51. Before IEJF's motion was filed, the Court entered a case management order, setting deadlines for conducting a "Rule 26(f) Attorney Conference," completing Rule 26(a) "initial disclosures," and filing a "joint report." ECF No. 42 at 1. In the order, this Court also scheduled a case management conference, noting that it would not permit a continuance "absent a showing of good cause." *Id.*

The following week, the parties jointly moved to stay that order "pending resolution" of IEJF's and the other Defendants' motions to dismiss. ECF No. 53 at 2. In making that request, the parties listed the various motions filed by all Defendants that they asserted should be decided before discovery—specifically noting that IEJF had filed a motion under Rules 12(b)(2) and 12(b)(6) based on lack of personal jurisdiction and failure to state a claim. But the Court denied this request, directing that the parties "comply" with the existing deadlines provided in Court's case management order. ECF No. 59. Apparently dissatisfied with that ruling, IEJF filed the present motion, effectively requesting that the Court reconsider its decision. IEJF argues that this Court's standard case management procedures are unduly burdensome and unfair. According to IEJF, its alleged defenses should excuse it from complying with the obligations required by the case management order and the Federal Rules of Civil Procedure. The Court should deny IEJF's motion.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 26(c) governs a party's request to stay discovery. That provision imposes a "good cause" standard, permitting a stay only when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expens[e] absent a stay." Fed. R. Civ. P. 26(c)(1). To meet that standard, a party must

make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The trial court is given "broad discretion" to resolve these and similar discovery disputes. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

## ARGUMENT

**I.   This Court has already rejected a request to postpone the case management order.**

As a threshold matter, IEJF fails to offer any practical reason for this Court to reconsider its prior decision. Establishing good cause does not turn on how many times or ways a litigant asks the court for the same relief. As noted, this Court has already rejected an attempt to stay its case management order—a decision well within the bounds of its authority. Indeed, inherent in a district court's broad power to orchestrate the litigation process is its ability to "tailor" and "dictate" the "sequence of discovery." *See Crawford-El v. Britton*, 523 U.S. 574, 598, 118 (1998). This Court, in exercising that authority, determined that its original case management order is both feasible and appropriate. *See* ECF No. 59. On this basis alone, this Court should reject IEJF's thinly veiled motion for reconsideration and require the parties to proceed as previously ordered. ECF Nos. 42 & 59.

**II.   Stays of discovery pending dispositive motions are the exception, not the rule.**

There are other reasons to deny IEJF's motion. As this Court, and countless others, have recognized, a discovery stay is "'the exception rather than the rule.'" *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty., Texas*, No. 20-191, 2020 WL 4365595, at *1 (E.D. Tex. Jul. 29, 2020) (quoting *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 16-663, 2016 WL 1071903, at *1 (W.D. Tex. Oct. 19, 2016); *Griffin v. Am. Zurich Ins. Co.*, No. 14-2470, 2015 WL

11019132, at *2 (N.D. Tex. Mar. 18, 2015); *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 08-774, 2008 WL 2930482, at *1 (N.D. Tex. Jul. 23, 2008)); *see also Cent. Martial Art Supply, LLC v. Dynamics World, Inc.*, No. 17-1194, 2018 WL 4390752, at *1 (W.D. Okl. Sept. 14, 2018) (discovery stays pending resolution of dispositive motions "are not routinely granted by courts."). This is because "a stay of discovery is an 'extraordinary step.'" *X Corp. v. Media Matters for Am.*, No. 23-1175, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (quoting *Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017)). Indeed, "[i]f the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect." *X Corp.*, 2024 WL 1895255, at *1. But, as the Court is aware, they do not. Instead, "Defendants in civil cases face an uphill battle in putting the brakes on discovery." *Fabara v. GoFit, LLC*, No. 14-1146, 2015 WL 3544296, at *11 (D.N.M. May 13, 2015).

Critically, courts routinely recognize that staying discovery is an exceptional request even during the pendency of motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6)—the grounds raised by IEJF in this case. *See*, *e.g.*, *X Corp.*, 2024 WL 1895255 (denying a motion to stay discovery pending resolution of a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim, explaining that "a stay should not be granted simply because a party believes it will prevail on its dispositive motion" and that a court's "general interest in efficiently managing its docket is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *YETI Coolers*, 2016 WL 1071903, at *1 ("While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise."); *Flanagan Shipping Corp.*, 2020 WL 4365595, at *2 (denying request to stay

discovery pending a Rule 12(b)(6) motion to dismiss); *Bowman v. Wells Fargo Bank, N.A. for Park Place Securities, Inc.*, No. 13-389, 2014 WL 12791068 (E.D. Tex. Apr. 4, 2014) (same); *GoSecure, Inc. v. CrowdStrike, Inc.*, No. 24-526, 2024 WL 5274526, at *1 (W.D. Tex. Sept. 10, 2024) (same, finding "no reason to justify a rare departure from this Court's usual reluctance to grant such a stay"); *Federal Trade Commission ex rel. Yost v. Educare Centre Servs., Inc.*, No. 19-196, 2019 WL 9516075 (W.D. Tex. Aug. 30, 2019) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *Cent. Martial Art Supply*, 2018 WL 4390752 (same); *Univ. of Tennessee Research Foundation v. Caelum Biosciences, Inc.*, No. 19-508, 2022 WL 2232192 (E.D. Tenn. June 21, 2022), at *5 (same, and finding "no bright line favoring motions to stay when a defendant asserts lack of personal jurisdiction in a case"); *JPMCC 2006-CIBC15 FPG-STIP Portfolio, LLC v. ProEquity Asset Mgmt. Corp.*, No. 23-21779, 2023 WL 11885490, at *2 (S.D. Fla. Nov. 9, 2023) ("The Court finds it inappropriate to stay merits discovery simply because of the presence of a personal jurisdiction defense.").

IEJF provides insufficient grounds to warrant the exceptional remedy of a discovery stay in this case. To the contrary, the crux of its argument is that it believes it will prevail on its motions and that it will be unfairly burdened without a stay. But as the cases above demonstrate, such criterion is patently insufficient to justify a stay. If it were, a stay of discovery would become the norm, and the exception would swallow the rule. IEJF has not established good cause to warrant the rare remedy it seeks, and its motion should be denied.

### III.    Limited discovery may be necessary to resolve the issues in dispute.

In addition, IEJF's motion altogether ignores that a stay of all discovery at this stage would risk deciding dispositive issues without an adequate factual record. Far from undermining IEJF's

defenses, certain discovery may assist the Court in determining whether its defenses apply in the first place.

For example, ExxonMobil intends to pursue discovery regarding the circumstances surrounding the planning for defamatory, disparaging and tortious statements among IEJF, Bonta and the U.S. non-profits which was likely coordinated by the law firm retained by the IEJF in the suit filed against ExxonMobil, and all correspondence and communications related to same. This information is directly relevant to the extent of IEJF's contacts with this forum, as well as the relationship among the Defendants, the level of control that IEJF exercised over them, and the advantages that IEJF obtained as the result of the Defendants' conduct—all issues that IEJF itself recognizes are relevant in the instant litigation. Staying discovery on these threshold issues would deny ExxonMobil access to relevant information in support of its claims. And it would unduly prejudice both ExxonMobil and the Court, which would be left to decide dispositive issues without the benefit of the full picture before it. IEJF's attempt to obstruct the ordinary litigation process should be denied.

## CONCLUSION

IEJF offers no valid reason for this Court to revisit its recent prior ruling: discovery in this case should proceed as mandated by the case management order. ECF Nos. 42, 59. However IEJF might frame it, the obligations set forth in this Court's prior order are neither intrusive nor improper, even as IEJF's defenses are pending. In fact, a stay of discovery would unfairly preclude ExxonMobil from discovering facts pertinent to its core claims in this case, which would show that IEJF's defenses do not apply. For these reasons, the Court should deny IEJF's motion and allow this matter to proceed in accordance with the Court's prior orders. *Id*.

Dated: May 23, 2025

                                                Respectfully submitted,

                                                **LISKOW & LEWIS**

By:                            
Michael P. Cash
State Bar No. 03965500
Federal Bar No. 5472
mcash@liskow.com
Wade T. Howard
State Bar No. 00787725
Federal Bar No. 17514
wthoward@liskow.com
First City Tower
1001 Fannin Street, Suite 1800
Houston, Texas 77002
713.651.2900 – Telephone
713.651.2908 – Facsimile

and

Kathryn Zainey Gonski – Pro Hac Vice
Louisiana State Bar No. 33442
kzgonski@liskow.com
Kelly Brechtel Becker – Pro Hac Vice
Louisiana State Bar No. 27375
kbbecker@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
504.581.7979 – Telephone
504.556.4108 – Facsimile

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that on this 23rd day of May, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

Michael P. Cash