IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ROBERT ANDRES BONTA A.K.A. ROB | § | CIVIL ACTION NO. 1:25-CV-00011 |
| BONTA, IN HIS INDIVIDUAL | § | JUDGE MICHAEL J. TRUNCALE |
| CAPACITY; SIERRA CLUB, INC.; | § | |
| SURFRIDER FOUNDATION, INC.; | § | |
| HEAL THE BAY, INC.; BAYKEEPER, | § | |
| INC.; AND INTERGENERATIONAL | § | |
| ENVIRONMENT JUSTICE FUND LTD., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER DENYING IN PART DEFENDANT ROB BONTA AND
DEFENDANT INTERGENERATIONAL ENVIRONMENT JUSTICE FUND LTD.'S
MOTIONS TO STAY DISCOVERY**

Before the Court is Defendant Attorney General Rob Bonta's Opposed Motion to Stay Discovery and Disclosures. [Dkt. 61]. Also before the Court is Defendant Intergenerational Environment Justice Fund Ltd. ("Justice Fund")'s Opposed Motion to Stay Discovery. [Dkt. 68]. For the following reasons, the motions are **DENIED IN PART**.[1]

### I. BACKGROUND

On January 6, 2025, Plaintiff Exxon Mobil Corporation ("Exxon") filed the present lawsuit alleging business disparagement, defamation, tortious interference, and civil conspiracy related to Exxon's advanced recycling operations in Texas against California Attorney General Robert Andres Bonta, four California nonprofit organizations, and one Australian nonprofit company.

---

[1] In both motions, Bonta and Justice Fund requested a shortened response period in addition to a stay of discovery. *See* [Dkts. 61, 68]. The Court granted these requests. [Dkts. 66, 73]. Therefore, this Order focuses solely on the issue of whether to stay discovery.

[Dkt. 1]. On April 24–25, 2025, Defendants filed their motions to dismiss the complaint and one motion to change venue. [Dkts. 44, 46–51].

On April 23, 2025, the Court issued an Order Setting Civil Action for Rule 16 Case Management Conference, which requires the Parties to complete initial mandatory disclosures by May 22, 2025. [Dkt. 42]. It also sets a Rule 16 Case Management Conference before the Court on June 6, 2025. *Id.*

On May 1, 2025, the Parties filed a Joint Motion for Revised Briefing Schedule, which sought to extend their time to respond and reply to the motions to dismiss and motion to change venue. [Dkt. 53]. The motion also sought to adjourn the deadlines in the Court's Order setting the case for a Rule 16 conference pending the Court's rulings on the motions. *Id.* On May 3, 2025, the Court granted the time extension but denied the motion as it related to their request to adjourn the Court's Order setting deadlines. [Dkt. 59]. It specifically ordered the parties to comply with its Order setting deadlines and initial mandatory disclosures. *Id.*

Nevertheless, on May 6, 2025, Bonta filed a motion to stay discovery and initial disclosures pending a decision on his motion to dismiss, which asserted official and sovereign immunity. [Dkt. 61]. Similarly, on May 13, 2025, Justice Fund filed a motion to stay discovery pending its pending motion to dismiss for lack of personal jurisdiction and failure to state a claim. [Dkt. 68]. Exxon has responded to both motions. [Dkts. 67, 79]. The motions are ripe for review.

## II.   LEGAL STANDARD

"District courts have 'broad discretion in all discovery matters.'" *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2020)). *See generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]the power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). As such, they may stay discovery "for good cause." Fed. R. Civ. P. 26(c)(1); *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (stating that Federal Rule of Civil Procedure 26(c) permits a district court to stay discovery for good cause). "Good cause" for a protective order and stay of discovery exists if the party seeking the stay articulates that "annoyance, embarrassment, oppression, or undue burden or expense" will occur absent the stay. *See* Fed. R. Civ. P. 26(c)(1); *Serafine v. Abbott*, No. 1:20-CV-1249-RP-SH, 2021 WL 5908618, at *2 (W.D. Tex. Dec. 13, 2021).

### III. DISCUSSION

"Good cause [for a stay of discovery] may exist when resolving a motion to dismiss might reduce or preclude the need for discovery or when further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Owens v. TransUnion, LLC*, No. 4:20-CV-665-SDJ-KPJ, 2022 WL 17732319, at *1 (E.D. Tex. May 17, 2022) (quotations omitted); *see also Fujita*, 416 F. App'x at 402 ("[U]nder Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions."). In determining whether to issue a discovery stay, courts have considered factors such as (1) the breadth of discovery sought, (2) the burden of responding to discovery requests, (3) the strength of a dispositive motion pending, (4) and whether an issue is outcome-determinative. *Owens*, 2022 WL 17732319, at *1 (first citing 9A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2040 (3d ed. 2008), and then citing *Von Drake v. Nat'l Broad. Co.*, No. 3-04-cv-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)). The party moving to stay discovery must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as

distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also Serafine*, 2021 WL 5908618, at *2.

Here, Bonta argues that his assertion of official and sovereign immunity[2] in his motion to dismiss "entitle him to a stay of discovery and disclosures pending the resolution of those defenses." [Dkt. 61 at 3]. Additionally, Justice Fund argues that discovery should be stayed because (1) it is likely to prevail on its motion to dismiss, (2) discovery impose an undue burden on it because, as an Australian entity, it risks unfairness inherent in hauling a non-forum defendant into a foreign jurisdiction, (3) Exxon would not be prejudiced from a stay as it joined in the Parties' joint motion to stay discovery pending resolution of the motions to dismiss [Dkt. 53], and (4) a stay is more efficient because discovery may be unnecessary in the event that Defendants are dismissed from this action. [Dkt. 68 at 7–10].

On the one hand, the "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted); *see Siegert v. Gilley,* 500 U.S. 226, 231–33 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *see also Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014) ("[A] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion," such as a motion to dismiss for lack of personal jurisdiction (citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)); *Serafine*, 2021 WL 5908618,

---

[2] The Court notes that Exxon sued Bonta in his *individual* capacity, not his official capacity as Attorney General of California. [Dkt. 1].

at *2–3 (collecting Fifth Circuit precedent and finding good cause to stay discovery when the defendant raised several immunity defenses).

On the other hand, as noted by Exxon, this Court has made it a consistent practice to engage in a Rule 16 Case Management Conference with parties who assert immunity defenses and raise personal jurisdiction issues in their motions to dismiss. *See, e.g.*, *Minx v. Burman*, 1:24-cv-00323 (Nov. 25, 2024) (Truncale J.) (holding a Rule 16 Case Management Conference despite pending motions to dismiss on the basis of qualified immunity); *Doe (L.C.M.) v. G6 Hosp. LLC*, 1:24-cv-00441 (Apr. 28, 2025) (Truncale, J.) (holding a Rule 16 Case Management Conference despite a pending motion to dismiss for lack of personal jurisdiction). Furthermore, when determining whether to stay a case pending resolution of a motion to dismiss, as noted by this Court and others, "a stay is the exception rather than the rule." *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty.*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (Crone, J.) (quotation and citation omitted) (collecting cases); *see also YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16–CV–663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016) ("While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.").

Furthermore, the Court has already ordered the Parties to comply with its Order setting deadlines, which included the deadline for initial disclosures. [Dkt. 59]. Although the questions of immunity and jurisdiction are threshold questions that may affect the outcome of the case without the need for extensive discovery, the Court sees no reason why requiring initial mandatory disclosures under Federal Rule of Civil Procedure 26(a)(1) would be prejudicial or create an undue burden on the Parties, especially considering the Court's usual practice and inherent discretion to manage discovery. *See Seiferth*, 472 F.3d at 270; *Landis*, 299 U.S. at 254.

Therefore, the Court **DENIES IN PART** Bonta and Justice Fund's requests to stay discovery as applied to production of their initial mandatory disclosures under Federal Rule of Civil Procedure 26(a)(1). The Court, however, wishes to discuss whether to stay further discovery pending resolution of the motions with the Parties at the Rule 16 Case Management Conference.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant Bonta and Defendant Justice Fund's motions to stay discovery [Dkts. 61, 68] are hereby **DENIED IN PART**.

Defendants Bonta and Justice Fund are **ORDERED** to serve initial mandatory disclosures under Federal Rule of Civil Procedure 26(a)(1) to Plaintiff Exxon on or before **June 5, 2025**. The Court defers its determination of whether further discovery should be stayed until it has met with the Parties at the Rule 16 Case Management Conference scheduled for June 6, 2025. All Parties are **ORDERED** to attend the Conference in person.

**SIGNED this 23rd day of May, 2025.**

_____
Michael J. Truncale
United States District Judge