ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
WILL SETRAKIAN, CA State Bar No. 335045
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6668
  Fax: (916) 731-2125
  E-mail: William.Setrakian@doj.ca.gov
*Attorneys for Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **EXXON MOBIL CORPORATION,** | 1:25-cv-00011-MJT |
| Plaintiff, | **DEFENDANT ATTORNEY GENERAL ROB BONTA'S OPPOSITION TO PLAINTIFF-INTERVENORS CITY OF BAYTOWN, CITY OF BEAUMONT, CITY OF MONT BELVIEU, AND CHAMBERS COUNTY'S MOTIONS TO INTERVENE** |
| v. | |
| **ROBERT ANDRES BONTA A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY, ET AL.,** | |
| Defendants. | Judge:  Hon. Michael J. Truncale<br>Action Filed: January 6, 2025 |

## INTRODUCTION

The Cities of Baytown, Beaumont, and Mont Belvieu, and Chambers County ("the Localities") are fully aligned with ExxonMobil in their advanced-recycling endeavors. Their Motions to Intervene make clear that the Localities "work[] closely with" and "alongside" ExxonMobil "as partners." ECF No. 39 at 2, 3, 4; ECF No. 54 at 2, 3, 4; ECF No. 62 at 2, 3, 4; ECF No. 63 at 2, 3, 4. Yet the Localities—doubling down on the allegations in ExxonMobil's complaint—seek to intervene in this action.

But motions for permissive intervention let parties into an action only if they bring a new perspective: their interests are not represented, and they can show a new side to the facts. The

1

Localities plainly fail that standard. The Court should recognize that ExxonMobil adequately represents the interests the Localities would advance and deny the motions.

## STATEMENT OF FACTS

ExxonMobil, Baytown, Beaumont, Mont Belvieu, and Chambers County have begun the early stages of implementing advanced recycling. The parties have "started working" together, culminating in "discussions" about a potential advanced-recycling collaboration. ECF No. 39 at 7; ECF No. 54 at 7; ECF No. 62 at 7; ECF No. 63 at 7. So far, this is a nascent joint venture: the parties only indicated an intent to collaborate in the future. *Id.* at 8 (citing ECF No. 1 at ¶ 11). The Localities have implemented no advanced recycling. *See id.* at 7 (describing collaboration entirely in future tense). But the Localities still have high hopes for the project. *Id.* at 8.

This joint venture has led to significant collaboration between the parties. "ExxonMobil is to play an instrumental role at every level of the Recycling Collaboration." ECF No. 39 at 7; ECF No. 54 at 7; ECF No. 62 at 7; ECF No. 63 at 8. Reflecting this, the Localities, ExxonMobil, and an ExxonMobil affiliate have executed "memoranda of understanding memorializing the mutual understanding and intent of the parties to collaborate on the establishment of the Recycling Collaboration." *Id.* at 8.

As the Localities see it, Defendants have hampered these efforts. The specific claims will ring familiar: virtually every sentence of the relevant factual allegations cites to ExxonMobil's complaint. ECF No. 39 at 8–9; ECF No. 40 at ¶¶ 28–32 (citing ECF No. 1 at ¶¶ 68, 69, 71, 72, 73–74, 75, 86, 89, 91–92, 95–97, 102, 103, and 120); ECF No. 54 at 8–9; ECF No. 55 at ¶¶ 29–33 (citing same paragraphs); ECF No. 62 at 8–9; ECF No. 63 at 8–9; ECF No. 65 at ¶¶ 30–35 (same). Like ExxonMobil, the Localities allege that Attorney General Bonta and several environmental nonprofits have expressed skepticism about advanced recycling not due to disagreement with the still-unimplemented technology's merits, but to further a global conspiracy to sully the procedure—and, by extension, the ecosystem—in exchange for money and power. ECF No. 39 at 8 (citing ECF No. 1 at ¶¶ 45, 75); ECF No. 54 at 8 (citing same paragraphs); ECF No. 62 at 8 (same); ECF No. 63 at 8 (same).

2

Defendant Attorney General Rob Bonta's Opposition to Plaintiff-Intervenors City of Baytown, City of Beaumont, City of Mont Belvieu, and Chambers County's Motions to Intervene (1:25-cv-00011-MJT)

## LEGAL STANDARD

"Under Rule 24(b)(1), a 'court may permit anyone to intervene who' files a 'timely motion' and 'has a claim or defense that shares with the main action a common question of law or fact.'" *Louisiana v. Burgum*, 132 F.4th 918, 923 (5th Cir. 2025) (quoting Fed. R. Civ. P. 24(b)(1), 24(b)(1)(B)). "Permissive intervention under Rule 24(b) is 'wholly discretionary' and 'may be denied even when the requirements of Rule 24(b) are satisfied.'" *Id.* (quoting *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021)).

A Court may permit intervention to anyone who is given a conditional right to intervene by a federal statute, or has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). If, as here, a party relies on the second of those bases, relevant factors include "whether the proposed intervenors are adequately represented by other parties, and whether they are likely to contribute significantly to the development of the underlying factual issues." *Texas v. U.S. Dep't of Homeland Sec.*, No. 6:24-CV-00306-JCB, 2024 WL 4039580, at *4 (E.D. Tex. Sept. 3, 2024), *aff'd*, No. 24-40571, 2024 WL 4404421 (5th Cir. Oct. 4, 2024) (citing *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989)).

## ARGUMENT

### I. EXXONMOBIL ADEQUATELY REPRESENTS THE LOCALITIES' INTERESTS

ExxonMobil already adequately represents the Localities' interests. The Court accordingly should deny the motions to intervene.

If a party wishes to intervene, it must show that "representation by the existing parties may be inadequate." *Rogers v. 12291 CBW, LLC*, No. 1:19-CV-00266-MJT, 2021 WL 11247562, at *9 (E.D. Tex. Dec. 13, 2021) (quoting *Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005)).[1] Although this may not be a titanic burden, it "'cannot be treated as so minimal as to write the

---

[1] Some cases, including *Rogers*, evaluate the adequacy of other representation when considering motions seeking mandatory intervention. The same law applies to motions for permissive intervention like this one. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987); *Staley v. Harris Cnty., Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam) (denying permissive intervention because an existing party "adequately represent[ed] [intervenor's] interests in this case").

3

1  requirement completely out of the rule.'" *Id.* (quoting *Entergy Gulf States La., L.C.C. v. U.S.*
2  *Env't Prot. Agency*, 817 F.3d 198, 203 (5th Cir. 2016)). The Fifth Circuit presumes adequate
3  representation—thus disfavoring intervention—if "the hopeful intervenor's objective is ultimately
4  the same as a current party." *Id.* (citing *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir.
5  1996)).
6      That presumption applies here. The Localities "seek[] the same ultimate relief as"
7  ExxonMobil: a finding of liability for tortious interference with prospective business relations,
8  damages, and declaratory relief. *Britto v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*,
9  No. 2:23-CV-019-Z, 2023 WL 11957195, at *4 (N.D. Tex. Apr. 14, 2023); *compare* ECF No. 1
10 at p. 39 *with* ECF No. 40 at ¶ 42. The Court should thus presume adequate representation.
11 *Rogers*, 2021 WL 11247562, at *9. Because the presumption applies, the Localities "must show
12 adversity of interest, collusion, or nonfeasance by the existing party to overcome the
13 presumption." *Edwards*, 78 F.3d at 1005.
14     Showing adversity of interest is no small task. "[T]o show adversity of interest, an
15 intervenor must demonstrate that its interests diverge from the putative representative's interests
16 in a manner germane to the case." *Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015).
17 Those diverging interests "must be shown in the present proceeding and may not be inferred from
18 the possibility of adversity in some future proceeding." *Bush v. Viterna*, 740 F.2d 350, 356–57
19 (5th Cir. 1984) (per curiam). Indeed, "there must be a 'serious probability' that the existing party
20 and the movant may not share the same ultimate objective." *Helt v. Sethi Petroleum, L.L.C.*, No.
21 20-40240, 2022 WL 127977, at *1 (5th Cir. Jan. 13, 2022) (per curiam) (quoting 7C Charles Alan
22 Wright & Arthur R. Miller, Federal Practice and Procedure § 1909 (3d ed.)). Finally,
23 "[d]ifferences of opinion regarding an existing party's litigation strategy or tactics used in pursuit
24 thereof, without more, do not rise to an adversity of interest." *Guenther v. BP Ret. Accumulation*
25 *Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (per curiam) (collecting cases).
26     The Localities cannot show an adversity of interest. They acknowledge that they "share[]
27 some similar aims as ExxonMobil." ECF No. 39 at 13; ECF No. 54 at 13; ECF No. 62 at 13;
28 ECF No. 63 at 13. That understates the point. The Localities "seek exactly the same relief, on

4

exactly the same grounds, from and as against" Defendants as ExxonMobil does. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984) (en banc). The Localities thus can show no adversity of interest with ExxonMobil "in the present proceeding." *Bush*, 740 F.2d at 357. The parties' status as joint venturers exemplifies this: because the Localities' interests in the venture "necessarily derive[] from" ExxonMobil's, ExxonMobil adequately represents those concerns. *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, No. CV 05-1618, 2008 WL 11353643, at *5 (E.D. La. Oct. 6, 2008). Indeed, the Localities' complaint "takes virtually identical positions to those taken by" ExxonMobil, "affirm[ing] in glowing terms its confidence in the conduct of" their corporate partner. *Bush*, 740 F.2d at 357. The Localities thus "have demonstrated no adversity of interest that justifies allowing intervention." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987).

Recognizing this potential weakness, the Localities argue that they are "local government entit[ies] with different interests from a large corporation like ExxonMobil." ECF No. 39 at 13; ECF No. 54 at 13; ECF No. 62 at 13; ECF No. 63 at 13. But the inquiry does not probe whether parties have *different* interests—it asks whether those interests are adverse.

The cases the Localities rely on illustrate this distinction. They cite *Texas v. United States* as showing "a distinction between institutional and individual representation in the context of Rule 24 intervention." ECF No. 39 at 13 (quoting *Texas v. United States*, No. 6:21-cv-00003, 2021 WL 411441, at *4 (S.D. Tex. Feb. 6, 2021)); ECF No. 54 at 13 (same); ECF No. 62 at 13 (same); ECF No. 63 at 13 (same). There, the federal government sought a 100-day pause on removals of some noncitizens from the United States. *Texas v. United States*, 2021 WL 411441, at *1. Two immigrants-rights groups intervened, seeking to represent individuals facing removal. *Id.* at *4. The court found intervenors' interests inadequately represented: the federal government advanced "institutional and political" interests. *Id.* Those interests had "practical limits" based on the government's need to "balance [its] advocacy for individuals subject to a final order of removal on humanitarian grounds with its lawful duty to protect American citizens." *Id.* By contrast, the intervenors "concerned [themselves] exclusively with the welfare

5

of individuals directly affected by the" underlying events. *Id.* Here, the parties represent the same interest as one another: protecting their joint venture.

*Sierra Club v. Espy*, another of the Localities' cited precedents, fails for this same reason. There, the government represented "the broad public interest," but the intervenor sought to protect "the economic concerns of the timber industry." *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *see Aransas Project v. Shaw*, 404 F. App'x 937, 941 (5th Cir. 2010) (per curiam) (distinguishing *Espy* similarly). The Localities and ExxonMobil, in contrast, are in lockstep here.

## II.  INTERVENTION WOULD NOT SIGNIFICANTLY CONTRIBUTE TO FACTUAL DEVELOPMENT

The Court should deny intervention for another reason: The Localities' intervention would not significantly contribute to this case's factual development.

A party seeking intervention must show that it will "significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Public Serv.*, 732 F.2d at 472. The Localities cannot contribute at all—much less "significantly." They never show how they would help the Court uncover any facts relevant to this case's resolution. The only sources of the supposed indirect injuries to the Localities are the allegedly defamatory statements ExxonMobil already identifies. ECF No. 40 at ¶¶ 28–32 (citing ECF No. 1 at ¶¶ 68, 69, 71, 72, 73–74, 75, 86, 89, 91–92, 95–97, 102, 103, and 120); ECF No. 55 at ¶¶ 29–33 (citing same paragraphs); ECF No. 65 at ¶¶ 30–35 (same). The Localities advance no new evidence.

The Localities offer that they, unlike ExxonMobil, can contextualize the alleged conduct's community effects. ECF No. 39 at 13; ECF No. 54 at 13–14; ECF No. 62 at 13–14; ECF No. 63 at 14. But ExxonMobil already alleges such effects, stating that it "has entered into contracts with Texas Gulf Coast cities and counties [including the Localities]" concerning advanced recycling, and that without these efforts, "these communities would have much less effective plastic recycling programs." ECF No. 1 at ¶ 66. The Localities thus bring nothing new to the table. And to the extent that they could show damages to themselves, that cannot justify their intervention—an intervening party must illuminate "underlying factual issues," *New Orleans*

6

*Public Serv.*, 732 F.2d at 472 (quotation omitted)—that is, factual issues that already underlay the proceedings.[2]

While the Localities would only echo ExxonMobil's allegations, inserting additional plaintiffs would compound the administrative difficulties of case management. *Armour v. Texas Bd. of Pardons & Paroles*, No. 6:22CV033, 2022 WL 18931869, at *2 (E.D. Tex. Nov. 28, 2022), *report and recommendation adopted*, No. 6:22-CV-00033, 2023 WL 2330417 (E.D. Tex. Mar. 2, 2023) ("[A]llowing permissive intervention would make this litigation more complex and increase demand on state and judicial resources prematurely.")  This, too, counsels against granting intervention.

## CONCLUSION

The Court should deny the Localities' Motions to Intervene.  Should the Localities wish to have their voices heard, the Court may consider allowing them to file an amicus brief. *Bush*, 740 F.2d at 359.

Dated:  June 16, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

*Robert William Setrakian*

WILL SETRAKIAN
Deputy Attorney General (CA SBN 335045), admitted *pro hac vice*
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone:  (213) 269-6668
  Fax:  (916) 731-2125
  E-mail:  William.Setrakian@doj.ca.gov
*Attorneys for Attorney General Robert Bonta*

SA2025300062

---

[2] To be sure, the Localities sometimes up the volume from ExxonMobil's complaint. ECF No. 40 at ¶ 14 ("Defendants have sacrificed Intervenor's recycling collaborations to personal ambition, fundraising opportunism, and old-fashioned greed"); ECF No. 55 at ¶ 14 (same); ECF No. 65 at ¶ 14 (same).  But such "hyperbolic statements . . . do[] not contribute to the development of" a case's factual issues. *Russell v. Harris Cnty., Texas*, No. CV H-19-226, 2020 WL 6784238, at *6 (S.D. Tex. Nov. 18, 2020).

7

**CERTIFICATE OF COMPLIANCE**

I certify that on June 16, 2025, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

*Robert William Setrakian*

Will Setrakian

8

Defendant Attorney General Rob Bonta's Opposition to Plaintiff-Intervenors City of Baytown, City of Beaumont, City of Mont Belvieu, and Chambers County's Motions to Intervene (1:25-cv-00011-MJT)