UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **EXXON MOBIL CORPORATION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **ROBERT ANDRES BONTA A.K.A.** § | |
| **ROB BONTA, IN HIS INDIVIDUAL** § | Case No. 1:25-cv-00011-MJT |
| **CAPACITY; SIERRA CLUB, INC.;** § | |
| **SURFRIDER FOUNDATION, INC.;** § | |
| **HEAL THE BAY, INC.; BAYKEEPER,** § | |
| **INC.; AND INTERGENERATIONAL** § | |
| **ENVIRONMENT JUSTICE FUND LTD.** § | |
| § | |
| Defendants. § | |

**REPLY IN SUPPORT OF JOINT MOTION TO TRANSFER
TO THE NORTHERN DISTRICT OF CALIFORNIA**

This case is about statements allegedly made by General Bonta and the U.S. Nonprofits—all based in California—while announcing and describing lawsuits they filed against ExxonMobil (Plaintiff or "EM") in California. EM "concedes" there is "factual overlap" between this case and the California Litigation. Doc. 98 at 11; *see also* Doc. 96 at 21. And concede it must. The cases are intimately connected. As Plaintiff describes its own allegations:

- Defendants' "concerted effort began when IEJF . . . hired [California law firm] Cotchett, Pitre & McCarthy to bring claims against ExxonMobil" in California on behalf of the U.S. Nonprofits (Doc 96 at 2);

- Defendants were "working together" to "accomplish the scheme, resulting in strikingly similar lawsuits filed [against ExxonMobil] on the same day, with strikingly similar statements in the press" (Doc. 97 at 8);

- A press conference that serves as a basis for Plaintiff's claims was "announcing the [California] lawsuits" (Doc. 97 at 4); and

- The filing of the California lawsuits was the "culminat[ion]" of Defendants' "agreement" alleged in ExxonMobil's complaint (Doc. 97 at 9).

## I. This Case Should Be Transferred Pursuant to 28 U.S.C. § 1404(a)[1]

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A transfer analysis under Section 1404 first considers whether the action could have been brought in the proposed transferee district. Plaintiff does not dispute this action could have been brought in the NDCA. The Court then considers whether "the convenience of the parties and witnesses" and "the interest of justice" warrant transfer. *In re Chamber of Com.*, 105 F.4th 297, 303 (5th Cir. 2024). The private and public interest factors used to aid that assessment are non-exhaustive, and none is given dispositive

---

[1] Movants incorporate into this Reply their opening and reply submissions explaining why this case was filed in an improper venue. The Court may transfer the case "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a), and should transfer to the NDCA.

1

weight.  *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). Considered together, and applied to the circumstances of this case, the factors favor transfer.

### *Private Interest Factors*

1.  *Relative ease of access to sources of proof.*  Plaintiff's lawsuit challenges conduct in California by four U.S. Nonprofits based in California, and by the Attorney General of California.  Plaintiff concedes "factual overlap" between its case and the California Litigation, but disregards the efficiencies that likely would result from having the cases in the same Court, claiming that "transferring this case does not necessarily mean that it will be before the same judge adjudicating" the California Litigation.  Doc. 98 at 7.  While it is true there is no *guarantee* that if transferred this case will be assigned to Judge Seeborg, who is overseeing the NDCA case, common sense suggests that outcome is likely based on review of NDCA Local Rule 3-12 (Related Cases).  Transfer of this case would facilitate coordination of the two cases, making it considerably easier for the parties to access proof from one of the cases for use in the other case.

As for access to proof in the possession of Plaintiff, EM does not dispute it is incorporated in New Jersey, has its principal executive offices outside this District, and that much of the proof in Plaintiff's possession is located outside of this District.  Motion (Doc. 46) at 9.  Plaintiff instead gestures to its Beaumont facility and Baytown facility (located outside this District), but it offers no evidence (or even explanation) about what *proof* exists at those locations, despite Movants' observation that "Plaintiff's employees at those facilities are unlikely to be witnesses in this case, and it is not apparent what other proof relevant to the case is located there."  Motion at 9.

2.  *Availability of compulsory process to secure the attendance of witnesses.*  Plaintiff's lawsuit challenges conduct *in California* by four U.S. Nonprofits based *in California*, and by the Attorney General *of California*.  EM cannot reasonably dispute (and seemingly does not dispute) there will be witnesses relevant to its claims (and to defenses) who would not be subject to

compulsory process in this Court. EM nevertheless mistakenly contends this factor weighs against transfer (1) based on its interpretation of statements made at the off-the-record case management conference conducted on June 6, and (2) because no potential witness—nearly two years prior to the trial date—has stated an unwillingness to voluntarily testify in this Court.

Movants believe the Court made clear at the June 6 conference that the discussion was off-the-record, and encouraged counsel to speak freely, *emphasizing that positions taken or views expressed would not be used later against the party making them*. Based on the Court's admonition, and with the Court's guidance, the conference was collegial and productive from Movants' perspective. EM's use of purported statements at the conference as a basis to resist transfer is disappointing. In any event, the U.S. Nonprofits do not yet know who they would seek to have testify at trial (scheduled for May 2027), and EM's argument based on an off-the-record discussion, not transcribed or subject to verification, is not a basis to conclude that this factor does not favor transfer.

Relying on *In re Planned Parenthood*, 52 F.4th at 630–31, EM contends (Doc. 98 at 8) this factor weighs against transfer because no potential witness has stated an unwillingness to voluntarily testify in this Court. But EM's reliance on *Planned Parenthood* is misplaced. *Planned Parenthood* only says the availability of compulsory process receives "less weight" when it "has not been . . . shown that any witness would be unwilling to testify." *Id*. "Less weight" is not zero weight. This factor favors transfer, even in the absence of a declaration of unwillingness to testify voluntarily in this Court. EM also looks past significant procedural differences between the cases. Here, a transfer motion was filed promptly, before the onset of discovery. In *Planned Parenthood*, defendants moved to dismiss, and after a ruling then engaged in discovery with "tens of thousands of documents" exchanged, before moving to transfer. One would expect defendants in the

3

substantially-more-advanced *Planned Parenthood* case to have a better idea of witness unwillingness to testify voluntarily than here, with discovery just getting underway, nearly two years before any trial.

      3.     *Cost of attendance for willing witnesses*. EM does not dispute there are likely numerous witnesses based within the NDCA who cannot be compelled to testify. For any such prospective witnesses who wish to attend voluntarily, the cost of attendance would be substantially higher if they had to travel to this District. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 317. As for EM's own witnesses, it asserts—without declarations or affidavits—they would "willingly provide" testimony "in this District, not the Northern District of California." Doc. 98 at 10. While it is too early to determine which EM witnesses will be relevant for any trial, EM's mere assertions about the future intentions of potential witnesses does not weigh against transfer.

      4.     *All other practical problems that make trial of a case easy, expeditious, and inexpensive*. Given the (conceded) "factual overlap" between this case and the California Litigation, adjudication of this case would be easier, more speedy and less expensive (*see* Fed. R. Civ. P. 1) if the cases are in the same court, and this factor weighs heavily in favor of transfer. Even Plaintiff does not contend it weighs against transfer, claiming this factor is "neutral."

### Public Interest Factors

      5.     *The administrative difficulties flowing from court congestion*. The Movants and EM agree this factor is neutral.

      6.     *The local interest in having localized interests decided at home*. Local interest in this case within the NDCA (Motion at 13) should not be surprising: with this lawsuit, Plaintiff seeks to impose liability and damages against California's Attorney General, and against four public interest organizations based in California (two within the Northern District). EM claims

this factor weighs against transfer, relying principally on *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022). While the facts here and in *Defense Distributed* differ considerably, EM seemingly misses the "larger point" of *Defense Distributed*: the district court "ignored" that the two cases at issue were "temporally and factually intertwined to the extent that litigation in separate courts would largely overlap," 30 F.4th at 430, keeping separate cases that belonged in the same court. Applying the lesson of *Defense Distributed* here, transfer should be granted, so the parties do not have "to tell the same story in two courts." *Id*.

7.  *Familiarity of the forum with the law that will govern the case.* EM mistakenly claims this factor weighs against transfer based on its assertion that "Texas law applies to ExxonMobil's claims." Doc. 98 at 14. Choice-of-law determinations are made claim-by-claim (Motion at 14), and it is far from clear that Texas law will apply to every (or any) claim. Even so, the NDCA is experienced in applying the substantive law of Texas should it apply. *See*, *e.g.*, *PC Drivers Headquarters, LP v. Malwarebytes Inc.*, 371 F. Supp. 3d 652 (N.D. Cal. 2019) (applying Texas law to claims including business disparagement, tortious interference after transfer from W.D. Texas). This factor is neutral.

8.  *The avoidance of unnecessary problems of conflict of laws.* EM suggests that because the causes of action here and in the California Litigation are not identical there is no risk of inconsistent rulings. Doc. 98 at 14. Common sense suggests otherwise. EM concedes this case and the California Litigation overlap. The cases will share meaningful factual, expert, and evidentiary issues, and also likely will feature similar or identical disputes concerning the attorney-client privilege. If this case is not transferred there is a material risk of inconsistent rulings.

## CONCLUSION

Good cause exists to transfer this case to the Northern District of California. The motion should be granted.

5

Dated: June 30, 2025

**BURT BARR & ASSOCIATES. L.L.P.**

/s/ *M. Forest Nelson*
M. Forest Nelson
Texas Bar No. 14906425
fnelson@bbarr.com
John Holman Barr
Texas Bar No. 01798700
jbarr@bbarr.com
203 E. Colorado Blvd. Dallas, Texas 75203
Telephone: (214) 943-0012
Facsimile: (214) 943-0048

*Attorneys for Baykeeper, Inc.*

**TRIBBLE & ROSS**

/s/ *Deborah Greenleaf*
Deborah Greenleaf
S.B.N. 08402650
dgreenleaf@tribblelawfirm.com
Fallin Schwartz
S.B.N. 24095622
fschwartz@TribbleLawFirm.com
Monica Vaughn
S.B.N. 00794784
mvaughan@tribblelawfirm.com
6371 Richmond Ave.
Houston, TX 77057
Telephone: (713) 622-0444
Facsimile: (713) 622-0555

*Attorneys For Heal The Bay, Inc.*

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

/s/ *Scott E. Gant*
Scott E. Gant (appearing pro hac vice)
D.C. Bar No. 455392
sgant@bsfllp.com
1401 New York Avenue, NW
Washington, DC  20005
Telephone: (202) 895-7566
Facsimile: (202) 237-6131

*Attorney for Sierra Club*

**GRAVES, DOUGHERTY,
HEARON & MOODY, P.C.**

/s/ *Peter D. Kennedy*
Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
James A. Hemphill
Texas Bar No. 00787674
jhemphill@gdhm.com
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: (512) 480-5764
Facsimile: (512) 536-9908

**CORNELL LAW SCHOOL
FIRST AMENDMENT CLINIC**

/s/ *Daniela del Rosario Wertheimer*
Daniela del Rosario Wertheimer
(appearing pro hac vice)
N.Y. Bar No.  90019383
Ddw83@cornell.edu
Myron Taylor Hall
Ithaca, NY 14853
Telephone: (602) 670-7255
Facsimile: (607) 255-4196

*Attorneys for Surfrider Foundation, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 30th day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

/

*/s/ Scott E. Gant*