IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **EXXON MOBIL CORPORATION,**  Plaintiff,  v.  **ROBERT ANDRES BONTA A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY; SIERRA CLUB, INC.; SURFRIDER FOUNDATION, INC.; HEAL THE BAY, INC.; BAYKEEPER, INC.; AND INTERGENERATIONAL ENVIRONMENT JUSTICE FUND LTD.**  Defendants. | **CIVIL ACTION NO. 1:25-cv-0011 JUDGE MICHAEL J. TRUNCALE** |

**EXXONMOBIL'S RESPONSE TO DEFENDANT SURFRIDER'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Exxon Mobil Corporation ("ExxonMobil") files this response to Defendant Surfrider Foundation's "Notice of Supplemental Authority," ECF No. 128, which purports to notify this Court of two "new" district court decisions relevant to the personal jurisdiction arguments in Defendants' pending motions. Neither decision supports Surfrider's suggestion that this Court lacks personal jurisdiction over Defendants who intentionally attempted to interfere with ExxonMobil's business and relationships in Texas.

1. *Wallace v. Lively*, **No. 1:25-cv-00163-DAE (W.D. Tex. Nov. 12, 2025), Order Granting Motion to Dismiss**

Surfrider first notifies this Court of *Wallace v. Lively*, a decision where the district court declined to exercise personal jurisdiction in a defamation case. In *Wallace*, the defendants did not rely on Texas sources, did not target Texas readers, and did not focus on Texas-based events.

Surfrider asserts the "same is true" of its conduct here, characterizing its press release as California-focused without any mention of Texas. ECF No. 128 at 2. But that description does not square with the jurisdictional reality.

Surfrider's press release expresses its goal: "to hold ExxonMobil responsible for decades of deceit about recycling, for overproducing plastics, and for the harm they cause to our environment and our bodies." ECF No. 1-9 at 2. As discussed at great length at the Court's hearing on Defendants' motions, these and other statements are plainly directed at ExxonMobil's advanced recycling business which is located in Texas, and the statements rely on Texas sources. They intentionally reference and defame ExxonMobil's plastic production operations, based in Texas. And they seek to undermine and interfere with ExxonMobil's business relationships and local partners, concentrated in Texas. Unlike in *Wallace*, Surfrider's statements focus on events taking place in Texas and are directed at causing harm in Texas to a Texas enterprise. It is hard to envision conduct more plainly directed at a forum for purposes of establishing jurisdictional ties. *See Johnson v. TheHuffingtonPost.com*, 21 F. 4th 314, 322 (5th Cir. 2021) ("Of course, jurisdiction might exist if HuffPost aimed the tort at Texas.").

### 2. *M. W. Prince Hall Grand Lodge v. Anderson*, 2025 WL 1576802 (5th Cir. June 4, 2025) (unpublished)

The second decision Surfrider cites, *M. W. Prince Hall Grand Lodge v. Anderson*, is equally unhelpful. As an initial matter, *Anderson* was issued on June 4, 2025, well before Surfrider filed its reply and the Court heard argument on its motion. *See* ECF Nos. 102 & 117. To the extent Surfrider believed *Anderson* supported its position, it should have identified the opinion in its reply or at the August 2025 hearing. In any case, Surfrider's belated notice underscores that *Anderson* adds nothing new; it simply reiterates that the "effects test" set forth in *Calder v. Jones* is not a

substitute for purposeful availment. ExxonMobil has never contested this point, and it maintains that it meets that test here.

The *Anderson* decision also states that a plaintiff may not aggregate defendants' contacts. *Id.* at *6. But here, ExxonMobil has offered "individualized allegations" concerning Surfrider's tortious conduct purposefully directed at Texas. *See id.* Because ExxonMobil's injuries in the forum arise from and relate to that conduct, jurisdiction is proper.

## CONCLUSION

In sum, Surfrider's notice does not alter the jurisdictional analysis. The Fifth Circuit recognizes jurisdiction where a defendant purposefully avails itself of the forum. Surfrider did so here by targeting ExxonMobil's Texas business, Texas-based operations, and Texas relationships, with the purpose and effect of causing injury in Texas. As argued in ExxonMobil's opposition and through oral argument, jurisdiction is proper over Surfrider and all Defendants.

November 19, 2025                                               Respectfully submitted,

**LISKOW & LEWIS**

By: _____
Michael P. Cash
mcash@liskow.com
State Bar No.03965500
Federal Bar No. 5472
Wade T. Howard
wthoward@liskow.com
State Bar No. 00787725
Federal Bar No. 17514
First City Tower
1001 Fannin Street, Suite 1800
Houston, Texas 77002
713.651.2900 – Telephone
713.651.2908 – Facsimile

-and-

Kathryn Zainey Gonski – Pro Hac Vice
Louisiana State Bar No. 33442
kzgonski@liskow.com
Kelly Brechtel Becker – Pro Hac Vice
Louisiana State Bar No. 27375
kbbecker@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
504.581.7979 – Telephone
504.556.4108 – Facsimile

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Wednesday, November 19, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

Michael P. Cash