IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| ROBERT ANDRES BONTA A.K.A. | § | CIVIL ACTION NO. 1:25-CV-00011 |
| ROB BONTA, IN HIS INDIVIDUAL | § | JUDGE MICHAEL J. TRUNCALE |
| CAPACITY; SIERRA CLUB, INC.; | § | |
| SURFRIDER FOUNDATION, INC.; | § | |
| HEAL THE BAY, INC.; BAYKEEPER, | § | |
| INC.; AND INTERGENERATIONAL | § | |
| ENVIRONMENT JUSTICE FUND LTD., | § | |
| | § | |
| *Defendants.* | § | |

## **PROTECTIVE ORDER**

The parties having so stipulated, the Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. No privilege or protection under state or federal statutory or common law is waived by any disclosure of information connected with the litigation pending before this Court, made in accordance with the terms of this Order, and any such disclosure shall not be deemed to be a waiver of any privilege or protection in any other federal or state proceeding. *See* Fed. R. Evid. 502.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets, or material containing sensitive information of any party ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are, at present, without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation, or by third-parties, are referred to as "Protected Documents." The "Confidential – Attorneys' Eyes Only" designation shall be reserved for documents meeting the definition of a Trade Secret under Section 134A.002(6) of the Texas Civil Practice & Remedies Code. Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" or "Confidential – Attorneys' Eyes Only" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the "Confidential" or "Confidential – Attorneys' Eyes Only" designation of all or any portion thereof by providing written notice thereof

to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether such designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

4. If any party desires to file a Protected Document, quote from a Protected Document, or incorporate information found only in a Protected Document in a filing, that party must make such a filing under seal, and may do so without an order from the Court. If a filing is sealed, the party which designated the Protected Documents as Confidential may within 14 days file a motion to continue the sealed status of filing. If no such motion is filed within 14 days, then the Court may unseal the filing. If a motion to continue the sealed status of filing is made, any response or opposition shall be filed seven days after the motion was filed, and the filing shall remain sealed until ruled on by the Court.

5. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone except as provided for below.

6. Protected Documents marked "Confidential" and any information contained therein may be disclosed only to the following persons:

    (a)    Counsel for the party or party receiving Protected Documents marked "Confidential" or any information contained therein;

    (b)    Employees of counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

    (c)    Employees and directors of the parties to the litigation (including counsel) who may need to view the information to adequately evaluate the merits of the case and advise with respect to the litigation;

    (d)    The Court;

    (e)    Court reporters (including audio and video), interpreters, translators, copy services, document imaging services, and database or coding services retained by counsel; graphic, demonstrative, and other litigation support vendors;

    (f)    Special masters and their staff;

    (g)    Mediators and their staff;

    (h)    Persons who prepared, received, or reviewed the "Confidential" information prior to its production;

    (i)    A witness during a hearing, a deposition, or preparation for a deposition or hearing who is a current or former employee of the party that produced the applicable document(s) or who appears, based on the document itself or testimony in a deposition, to have knowledge of the document;

    (j)    A person whose deposition had been noticed, where counsel preparing the witness for his or her deposition believe that disclosing the Protected Document(s) is necessary to properly prepare the witness;

    (k)    Outside experts, consultants, or other agents retained by a party for litigation purposes;

    (l)    Adjusters and claims professionals of an insurer of a party; and

    (m)    Any other person to whom a producing party, in writing, authorizes disclosure.

7.    Protected Documents marked "Confidential – Attorneys' Eyes Only" and any information contained therein shall be disclosed only to the following persons:

    (a)    Counsel for the party or party receiving Protected Documents marked "Confidential – Attorneys' Eyes Only" or any information contained therein;

    (b)    In-house and outside counsel involved in managing the litigation for a party;

    (c)    Employees of counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

    (d)    The Court;

    (e)    Court reporters (including audio and video), interpreters, translators, copy services, document imaging services, and database or coding services retained by counsel; graphic, demonstrative, and other litigation support vendors;

    (f)    Special masters and their staff;

    (g)    Mediators and their staff;

    (h)    Persons who prepared, received, or reviewed the "Confidential – Attorneys' Eyes Only" information prior to its production;

    (i)    A witness during a hearing, a deposition, or preparation for a deposition or hearing who is a current or former employee of the party that produced the applicable document(s) or who appears, based on the document itself or testimony in a deposition, to have knowledge of the document;

    (j)    A person whose deposition had been noticed, where counsel preparing the witness for his or her deposition believe that disclosing the Protected Document(s) is necessary to properly prepare the witness.

    (k)    Outside experts, consultants, or other agents retained by a party for litigation purposes;

    (l)    Adjusters and claims professionals of an insurer of a Party;

    (m)    If within 120 days of any trial in this case, non-attorney employees and directors of the parties to the litigation who need to view the information to adequately evaluate the merits of the case and advise with respect to the litigation.

8. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

9. To the extent that Protected Materials or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Materials or

information contained therein. If such material is used at trial or in hearings, the parties may seek separate orders to seal the documents.

10. Any deposition reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Confidential" and "Confidential – Attorneys' Eyes Only" information designated as such under this Order shall remain "Confidential" and "Confidential – Attorneys' Eyes Only," respectively, and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11. Inadvertent or unintentional production of documents or information containing "Confidential" or "Confidential – Attorneys' Eyes Only" information which are not designated "Confidential" or "Confidential" and "Confidential – Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a future claim for confidential treatment made consistent with this Order.

12. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

14. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents, or certify to counsel for the

party or parties disclosing or producing the Protected Documents that the Protected Documents have been destroyed.  The party or parties receiving the Protected Documents may keep their attorney work product which refers or relates to any Protected Documents, and any Protected Documents filed with the Court.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

**15.**   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16.   Duty to Advise Recipients: Each person receiving access to "Confidential" and "Confidential – Attorneys' Eyes Only" designated Information must be advised that the Information is disclosed subject to this Order and may not be disclosed other than as this Order permits.

**SIGNED this 25th day of November, 2025.**

_____
Michael J. Truncale
United States District Judge