UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ROBERT ANDRES BONTA A.K.A. | § | |
| ROB BONTA, IN HIS INDIVIDUAL | § | Case No. 1:25-cv-00011-MJT |
| CAPACITY; SIERRA CLUB, INC.; | § | |
| SURFRIDER FOUNDATION, INC.; | § | |
| HEAL THE BAY, INC.; BAYKEEPER, | § | |
| INC.; AND INTERGENERATIONAL | § | |
| ENVIRONMENT JUSTICE FUND LTD. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SIERRA CLUB'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Sierra Club respectfully requests that, pursuant to Federal Rule of Civil Procedure 54(b), the Court enter an order expressly determining that there is no just reason for delay and directing entry of a final judgment as to Sierra Club.

Rule 54(b) provides: "when multiple parties are involved [in an action], the court may direct entry of a final judgement as to one or more, but fewer than all, claims or parties . . . ." Fed. R. Civ. P. 54(b).  In determining whether to grant a Rule 54(b) motion, a district court considers "(1) whether there is a final judgment and (2) whether there is a just reason for delaying the moving parties' exit from the case." *Oliver v. Klein Indep. Sch. Dist.*, 472 F. Supp. 3d 367, 372 (S.D. Tex. 2020) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  Both requirements are satisfied here.

"The first prong requires a decision upon a claim for relief that is a final decision in the sense of an ultimate disposition of an individual claim in a multi-claim case." *Id.* (internal quotation marks omitted). That prong is satisfied here with respect to Sierra Club because the Court has completely dismissed Sierra Club as a party due to a lack of specific personal jurisdiction, Dkt. 132 at 22, and there are no unresolved claims remaining against Sierra Club. *See Guzman v. Mem'l Hermann Hosp. Sys.*, CIV. A. No. H-07-03973, 2009 WL 3837042, at *9 (S.D. Tex. Nov. 12, 2009) (observing that "Rule 54(b) judgments are frequently entered in the context of personal jurisdiction rulings"); *see also Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009) (reasoning that "[a]n order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order").

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "[A] district court must take into account judicial administrative interests as well as the equities involved." *Id.* Courts in this district consider a variety of factors in making this determination:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Brown v. City of Anna City Hall*, No. 4:22-CV-00571-ALM-AGD, 2023 WL 11801489, at *2 (E.D. Tex. July 12, 2023) (granting motions filed by two of four dismissed defendants for entry of final judgment under Rule 54(b)).

2

Consideration of those factors here makes clear there is no "just reason for delay" in entering final judgment as to Sierra Club. *Curtiss-Wright Corp.*, 446 U.S. at 8.

(1) The relationship between the adjudicated and the unadjudicated claims: Whether this Court has personal jurisdiction over Sierra Club is a matter separate from the unadjudicated claims against Defendant Bonta.

(2) The possibility that the need for review might or might not be mooted by future developments in the district court: There is no prospect that developments in Plaintiff's claims against Bonta will moot any need for review of dismissal of Plaintiff's case against Sierra Club on the basis of lack of personal jurisdiction.  Again, whether this Court has personal jurisdiction over Sierra Club is a matter entirely separate from the unadjudicated claims against Defendant Bonta.

(3) The possibility that the reviewing court might be obliged to consider the same issue a second time: There is no prospect that the court of appeals might need to consider twice whether this Court erred in concluding that personal jurisdiction over Sierra Club is absent.  If ExxonMobil chooses to appeal this dismissal of its claims against Sierra Club, it may only do so once—and there is no just reason to delay any such appeal.

(4) The presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final: There is no claim or counterclaim which could result in set-off against the judgment sought to be made final.

(5) Miscellaneous factors: Delay in the entry of final judgment would prejudice Sierra Club.  Trial on the claims against Defendant Bonta is likely years away, as Bonta has appealed this Court's Order to the Fifth Circuit.  Dkt. No. 133.  It would be unduly burdensome to force Sierra Club to incur the time and expense of monitoring Bonta's appeal and trial and to then await ExxonMobil's decision on whether it will appeal this Court's Order dismissing Sierra Club.  *See*

*Oliver*, 472 F. Supp. 3d at 376–77 (granting defendants' 54(b) motion in part because it was overly burdensome to force defendants dismissed from the case to "wait and monitor" the appeal and trial of a co-defendant, and further await the plaintiff's decision to appeal).  Delay would also prejudice Sierra Club because it would have to incur expenses storing and preserving for many years the more than 140,000 pages of documents it produced to Plaintiff in this case, and dedicate resources to maintaining the extensive document preservation holds, covering dozens of Sierra Club personnel, which it instituted for this case.

For these reasons, Sierra Club requests that the Court enter an order under Fed. R. Civ. P. 54(b) expressly determining that there is no just reason for delay and expressly directing entry of a final judgment with respect to its February 13, 2026 Order.  A proposed order and proposed final judgment are being submitted with this motion.

Dated: March 17, 2026                    Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

/s/  *Scott E. Gant*
SCOTT E. GANT (appearing pro hac vice)
D.C. Bar No. 455392
sgant@bsfllp.com
1401 New York Avenue, NW
Washington, DC  20005
Telephone: (202) 895-7566
Facsimile: (202) 237-6131

*Attorney for Sierra Club, Inc.*

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March 2026, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all

counsel of record.


*s/   Scott E. Gant*

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have complied with the meet and confer requirement in EDTX Local Rule CV-7(h) and that the foregoing motion is opposed by Plaintiff ExxonMobil.  The personal conference required by Local Rule CV-7(h) occurred by phone and email culminating on March 17, 2026.  The participants were Scott Gant from Boies Schiller Flexner LLP and Michael Cash from Liskow & Lewis, APLC.  ExxonMobil opposes the foregoing motion because ExxonMobil "do[esn't] want to waive the right to ask the Court to reconsider if discovery in the Bonta case reveals that Sierra Club (and the others) have more Texas ties than [it is] currently aware of."  No agreement could be reached between the parties, and the discussion conclusively resulted in an impasse for the Court to resolve.

*s/   Scott E. Gant*

6