**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

EXXON MOBIL CORPORATION,

     Plaintiff,

v.

ROBERT ANDRES BONTA A.K.A. ROB
BONTA, IN HIS INDIVIDUAL
CAPACITY; SIERRA CLUB, INC.;
SURFRIDER FOUNDATION, INC.;
HEAL THE BAY, INC.; BAYKEEPER,
INC.; AND INTERGENERATIONAL
ENVIRONMENT JUSTICE FUND LTD.

     Defendants.

Case No. 1:25-cv-00011-MJT

**EXXON MOBIL CORPORATION'S OPPOSITION TO
DEFENDANT SIERRA CLUB, INC.'S MOTION FOR ENTRY OF FINAL JUDGMENT**

The Court should deny Sierra Club, Inc.'s ("**Sierra Club**") unusual solo motion for entry

of partial final judgment under Federal Rule of Civil Procedure 54(b). Notably, although this Court

also dismissed the other NGO defendants for lack of personal jurisdiction, only Sierra Club is

requesting a partial final judgment. But there is ample reason to wait until the end of the case,

which is the normal process for adjudicating appeals. Entering partial final judgment as to Sierra

Club alone would invite duplicative appeals, as there are overlapping personal jurisdiction issues

in each of the claims against the other NGO defendants. The dismissal as to Sierra Club was

without prejudice, so discovery as to the unadjudicated claims against Bonta may reveal facts that

would warrant renewing the dismissed claims. And at bottom, Sierra Club has failed to justify

departure from ordinary principles of finality. Sierra Club emphasizes the burdens of preserving

documents for this case. But Sierra Club separately sued Exxon Mobil Corporation

("**ExxonMobil**") in California on claims that, although legally distinct, overlap in part on the facts. Accordingly, Sierra Club has failed to show that their preservation obligations for that other lawsuit do not include the documents at issue here. Further, if preservation obligations were sufficient to trigger Rule 54(b), then partial judgments would routinely be granted, which of course is not the case. Quite simply, the asserted burden is a mirage and regardless partial final judgment is unwarranted. This case is already going to have two appeals—one for Bonta's immunity claim and another at the end of the case. It does not need a third.

Under Rule 54(b), a court "may" direct entry of partial final judgment when "an action presents more than one claim for relief … or when multiple parties are involved," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). So long as even "*one* just reason for delay exists, then entering a final judgment under rule 54(b) would not be proper," *Eugene v. AFD Petroleum LTD*, No. MO:22-CV-00076-DC, 2023 WL 11822297, at *1 (W.D. Tex. July 21, 2023). Whether one just reason for delay exists is a decision committed to the sound discretion of the district court, which is "not subject to second-guessing by [the appellate c]ourt." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988). The Fifth Circuit has cautioned that entry of partial final judgment should occur "sparingly," "not [] [] routinely," and not "as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

In determining whether there is just reason for delay, courts consider: (1) "the relationship between the adjudicated and the unadjudicated claims"; (2) "the possibility that the need for review might or might not be mooted by future developments in the district court"; (3) "the possibility that the reviewing court might be obliged to consider the same issue a second time"; (4) "the

presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; and (5) "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Weinstock v. Transamerican Inv. Grp., Inc.*, No. 4:21-CV-04053, 2024 WL 4932535, at *1 (S.D. Tex. Nov. 18, 2024) (citations omitted).

There are multiple just reasons for delaying entry of final judgment as to Sierra Club.

The first two factors warrant delay because the adjudicated claims and the unadjudicated claims against Bonta overlap to some extent and could lead to mootness of the Sierra Club appeal. ExxonMobil is alleging that, at the behest of foreign influence, California Attorney General Robert Bonta and Sierra Club, along with other environmental organizations, engaged in a coordinated conspiracy to defame ExxonMobil's advanced recycling operations in Texas. While the Court dismissed the claims against Sierra Club for a lack of personal jurisdiction, it did so without prejudice. ECF No. 132 at 8. As a result, "if [Exxon Mobil] uncovers facts sufficient to support [the] dismissed claim, then [it] may seek leave to amend [the] complaint to assert the claim." *Jones v. City of Monroe*, No. 3:19-CV-00832, 2019 WL 5488603, at *12 n.19 (W.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 3:19-CV-00832, 2019 WL 5491922 (W.D. La. Oct. 24, 2019). And since the Court's dismissal order "is not a final judgment [it,] therefore, remains subject to revision at any time before conclusion of the case." *Id*.

Discovery from Bonta regarding the coordinated nature of the conspiracy, communications among the defendants, and the role of Texas-based Sierra Club members may well reveal specific evidence that Sierra Club purposefully directed activities at Texas, justifying personal jurisdiction. Given that the claims against Bonta "remain to be resolved," and that further discovery from Bonta "could serve as the basis for new claims" that would moot an immediate appeal, partial final

judgment is unwarranted. *Alpert v. Riley*, No. CIV.A. H04CV-3774, 2008 WL 304742, at *10 (S.D. Tex. Jan. 31, 2008) (citations omitted); *Bulter v. Daimler Trucks North America, LLC*, No. 2:19-CV-2377-JAR-JPO, 2021 WL 492427, at *2-3 (D. Kan. Feb. 10, 2021) (denying 54(b) motion following dismissal on personal jurisdiction grounds where the unadjudicated claims could reveal facts "that bear on this Court's jurisdictional findings as to [the dismissed defendant]"); *Croyle v. Theatine Fathers, Inc.*, No. 19-00421 JAO-WRP, 2020 WL 1452068, at *2 (D. Haw. Mar. 25, 2020) (similar, noting the "potential overlap" with personal jurisdiction issue "tends to show an increased risk of piecemeal appeals"); *see also Abecassis v. Wyatt*, No. CIV.A. H-09-3884, 2010 WL 2671576, at *3 (S.D. Tex. June 30, 2010) (similar).

The third factor also warrants delay because entry of partial final judgment as to Sierra Club would create a serious risk of piecemeal appeals, defeating "[t]he policy underlying both the finality rule and the requirement of Rule 54(b) certification." *Rd. Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (citations omitted). This Court dismissed the claims against each of the environmental groups on personal jurisdiction grounds, many of which overlap. ECF No. 132 at 8. Yet Sierra Club alone has moved for entry of partial final judgment. As a result, even if Sierra Club's motion were granted, the orders pertaining to the other environmental organizations would remain pending to the end of the case.

That creates a serious risk of duplicative and overlapping appeals, which "the Fifth Circuit[] disfavor[s.]" *Air Liquide Mex. S. de R.L. de C.V.*, No. H-14-211, 2015 WL 13764403, at *4 (S.D. Tex. July 31, 2015); *see, e.g.*, *York v. Welch*, No. 1:18-CV-522, 2020 WL 5269590, at *2 (E.D. Tex. Mar. 16, 2020). That possibility alone warrants denying the motion. There is no basis for an immediate appeal of personal jurisdiction issues as to Sierra Club followed by a later final-judgment appeal of overlapping and related issues as to the other NGO defendants.

Finally, the miscellaneous factors Sierra Club emphasizes—needing to "monitor" and wait for the conclusion of the ongoing proceedings and supposed burdens of document preservation—similarly do not justify departure from ordinary principles of finality. The burden of "monitoring" litigation in Texas is minimal and, "at most, an inconvenience falling short of the type of harm necessitating a Rule 54(b) judgment." *Hartman v. Ultra Petroleum Corp. (In re Ultra Petroleum Corp.)*, No. 16-32202, 2017 WL 3190569, at *4 (Bankr. S.D. Tex. July 26, 2017). But Rule 54(b) motions should be granted sparingly, "not [] [] routinely" or "as a courtesy to counsel." *PYCA Indus., Inc.*, 81 F.3d at 1421.

Sierra Club has also failed to show that these "burdens" are real. Sierra Club entirely fails to mention that it sued ExxonMobil in California. While the claims there are distinct from the claims here, there is some evidentiary overlap (which Sierra Club conceded in its motion to transfer this action to California). Sierra Club in turn has not even asserted—and much less shown—that it is not separately required to preserve these very same documents for the California action. Sierra Club thus has failed to show that any significant burden actually exists arising from this litigation.

This Court accordingly should exercise its discretion to deny Sierra Club's motion. The motion creates a risk of duplicative and overlapping appeals on the same personal jurisdiction issues, and an immediate appeal could be mooted by developments and discovery in the ongoing litigation. The burden on the Fifth Circuit thus would be clear. By contrast, Sierra Club has failed to show there is any significant burden to waiting. This Court instead should follow ordinary principles of finality and wait to the end of the case for entry of final judgment against Sierra Club.

For the foregoing reasons, this Court should deny Defendant Sierra Club Inc.'s motion for the entry of partial final judgment.

Dated: March 31, 2026

Respectfully Submitted,

**LISKOW & LEWIS**

By:  /s/ Michael P. Cash
Michael P. Cash
State Bar No. 03965500
Federal Bar No. 5472
mcash@liskow.com
Wade T. Howard
State Bar No. 00787725
Federal Bar No. 17514
wthoward@liskow.com
First City Tower
1001 Fannin Street, Suite 1800
Houston, Texas 77002
713.651.2900 – Telephone
713.651.2908 – Facsimile

and

Kathryn Zainey Gonski – Pro Hac Vice
Louisiana State Bar No. 33442
kzgonski@liskow.com
Kelly Brechtel Becker – Pro Hac Vice
Louisiana State Bar No. 27375
kbbecker@liskow.com
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
504.581.7979 – Telephone
504.556.4108 – Facsimile

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

6

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that on this 31st day of March, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

/s/ Michael P. Cash
Michael P. Cash